**COMEN v. MILLER (two cases).**

**COMEN et al. v. SAME.**

**Nos. 2117–2119.**

District Court, M. D. Pennsylvania.
May 31, 1930.

Tinkham & Myers, of Scranton, Pa., for plaintiffs.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a petition and rule thereon to show cause why an alias summons should not be quashed and judgment of non pros entered and the action dismissed on the ground, first, that the present action is barred by the statute of limitations, and, secondly, that there is no legal defendant.

The original præcipe for summons was filed May 7, 1928, and the statement of claim on May 9, 1928. The summons was issued and delivered with the statement of claim to the United States marshal on May 22, 1928. Neither the summons nor the statement of claim was served by the marshal, who returned the writ and statement of claim unserved, with the following return:

"And now, August 7th, 1928, return this writ unserved * * * no deposit being received for fees.

"John H. Glass, United States Marshal."

On January 17, 1930, an alias summons was issued and placed in the hands of the United States marshal for service, returnable the second Monday of March, 1930.

This action is brought to recover damages for personal injuries alleged to have been sustained in an automobile collision in the state of New York on August 18, 1927. Under the statute of limitations, the action in this case must be brought within two years from August 18, 1927, the date of the alleged injuries, and not later than August 18, 1929.

The question here raised is whether the statute of limitations bars the issuance of the alias summons on January 17, 1930. The answer to this question depends on whether the filing of the præcipe on May 7, 1928, and the issuance of the summons on May 9, 1928, and the placing of the same with the plain-

tiff's statement in the hands of the United States marshal on May 22, 1928, without the payment of the marshal's fees for service, constituted the commencement of the action.

■■ An action at law is commenced when the summons is issued and passes into the hands of the proper officer to be executed with a bona fide intention that it be served. John's Estate, 253 Pa. 532, 98 A. 719. It was evidently the intention to have the writ served by the United States marshal when it was placed in his hands, and there is nothing on the record to show a contrary intention. It is true the clerk is not required to enter any suit, file any paper, or issue any process without first being paid the fees therefor, nor shall the marshal be required to serve any writ or perform any duty until his fee therefor shall have been paid by the party requesting the service, but in this case the clerk did file the papers, enter the suit and issue the summons and deliver the same to the marshal, and the marshal could have served the summons and afterwards collected his fee. There is nothing in the case to show that the plaintiff, or his counsel, did not intend immediate service. It is quite common to pay an officer's fee after the service is completed, even where the rules require payment in advance.

The issuance of the alias summons on January 17, 1930, is not barred by the statute of limitations.

■ The second ground for dismissing the action, that there is no legal defendant, cannot be sustained. The name of the defendant can be corrected by amendment. The petition to quash the alias summons and enter a non pros and dismiss the action must be dismissed, and the rule granted thereon must be discharged.

And now, May 31, 1930, the petition is dismissed and the rule granted thereon is discharged.