## MAIER v. INDEPENDENT TAXI OWNER'S ASS'N et al.

### No. 6936.

United States Court of Appeals for the District of Columbia.

Argued Jan. 13, 1938.

Decided March 21, 1938.

William Wendell and Rowland Edwards, both of Washington, D. C., for appellant.

Ringgold Hart, P. H. Marshall, and Thomas Ellis Lodge, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

GRONER, C. J.

This action was begun for the recovery of damages for personal injury claimed to have been sustained by the plaintiff (appellant) the 16th day of November, 1931. The declaration was filed in the court below November 16, 1934, the last day the action could be begun to escape the bar of the statute of limitations. At that time counsel for plaintiff paid the clerk's fees, the clerk received the declaration, with copies for each defendant (appellees), stamped it as filed on that date, and issued the necessary summonses, one being thereupon attached to each copy of the declaration. Plaintiff's attorney then took the declarations and the summonses to the office of the United States marshal and left them there for service; but presumably because of the late hour there was no one on hand to accept the marshal's fee for service of the papers and therefore it was not paid that day. That afternoon plaintiff's counsel learned of the illness of his daughter, who with counsel's wife was then in New England, and he left for New England that evening. Before leaving he requested an office associate, who was also a member of the bar, to pay the marshal's costs. Plaintiff's attorney did not return to Washington until the early part of December, and then only for a day and on a particular mission, and he returned to New England the following day to rejoin his wife and child. He did not again return to Washington until a few days after the new year, and it was then he first ascertained that his associate had failed to pay the marshal's fee and that the life of the original summonses had expired. He at once obtained alias summonses, paid the marshal's fees, and the process was served. Later, on motion of defendants, the service of process was quashed on the ground that there were some differences between the original declaration and the copies served on the defendants, and on March 4, 1935, other summonses issued which, together with corrected copies of the declaration, were served on defendants that day. Thereafter defendants pleaded the bar of the statute of limitations. On the trial the plaintiff proved facts entitling her to go to the jury on the question of liability and damages, but the court on motion of the defendants directed a verdict on the plea of the statute of limitations.

On this appeal the single question is: When is an action to be deemed commenced so as to toll the statute of limitations? In the District of Columbia there is no statute on the subject, but rule 14 of the trial court provides that—

"Every action shall be commenced by filing in the clerk's office a libel, information, bill, petition, or declaration, as the case may be, and, in each case, the plaintiff shall make the deposit towards clerk's costs, required by law, unless such deposit shall be dispensed with by order of the court; whereupon the clerk shall immediately enter the cause upon the proper docket, in order of such filing, and number it accordingly."

The rule, however, is not determinative of when the action is to be deemed commenced for limitation purposes. Nor is there any previous controlling decision of this court. The question in a different aspect arose in Huysman v. Newspaper Company, 12 App. D.C. 586. But in that case no summons was issued and no service of process of any sort was made, and in addition Huysman's attorney withdrew the declaration from the clerk's office and never returned it. The attorney died, and nine years passed before Huysman made any effort to continue with the case. On a plea of the statute the ac-

tion was dismissed, and on appeal this court affirmed. What we said in that case was that the mere filing of the declaration without service of process and without intention to have it served was insufficient to stop the running of the statute, though we also said that when a plaintiff has filed his declaration and has done all that is incumbent on him to have process issued and served, and there has been a failure of such issue or service through no omission on his part, the lack of issue or service in the circumstances is not fatal.

Counsel have been very diligent in the citation of cases from other jurisdictions, but those cited from the state courts turn largely upon local statutes, and, where there is no controlling statute, they differ greatly as to the precise rule to be applied. There is no federal statute and no rule of court uniformly controlling the question in federal practice.[1] Nor is there any decision of the Supreme Court directly in point.

■ The rule is variously stated in the cases we have examined in the federal courts, but taken by and large these cases establish that, while less is sometimes sufficient, no more is ever required than the filing of a declaration or complaint and the issuance of a summons within the statutory period, provided this is followed by diligence in the service of the summons and the prosecution of the suit. In Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 441, 59 L.Ed. 725, it was said:

"The bills were filed and subpoenas were taken out and delivered to the marshal for service before the statute had run, reasonable diligence was shown in getting service, and therefore the rights of the United States against all the patents were saved. For when so followed up, the rule is pretty well established that the statute is interrupted by the filing of the bill."

In United States v. Hardy, 4 Cir., 74 F.2d 841, 842, Judge Soper said:

"It is suggested, however, that a suit in equity in a federal court is not begun until the delivery of the subpoena to the marshal, which in this case did not take place until April 15th [after the bar of the statute.] * * * The better rule to be applied, we think, is that a suit is commenced by the filing of the complaint with the bona fide intent to prosecute the suit diligently, provided there is no unreasonable delay in the issuance or service of the subpoena."

In Equitable Life Assur. Soc. v. Schwartz, 5 Cir., 42 F.2d 646, 648, Judge Foster said:

"A suit in equity is commenced when the bill is filed and process is issued, where the process is subsequently served."

And in United States v. Northern Finance Co., 2 Cir., 16 F.2d 998, 999, Judge Hand said:

"It has been the general, if not the uniform, interpretation of statutes of limitation, that the action is commenced at least as soon as the writ, after issuance, has been lodged in the sheriff's hand for service."

And in Armstrong Cork Company v. Merchants' Refrigerating Co., 8 Cir., 184 F. 199, 206, Judge Sanborn said:

"The wiser rule now prevails that a suit in equity is commenced by the filing of the bill with the bona fide intention to prosecute the suit diligently, provided there is no detrimental or unreasonable delay in the issue or the service of the subpoena."

And in Comen v. Miller, 41 F.2d 292, Judge Johnson of the District Court in Pennsylvania said an action at law is commenced when the summons is issued and passes into the hands of the proper officer to be executed with a bona fide intention that it be served.

None of the cases cited goes so far as to hold that the commencement of an action dates from the actual service of process.

■ In the District of Columbia the custom seems to be to file the declaration or bill with the clerk who thereupon issues the summons and delivers it to counsel to be delivered to the marshal for service. The custom elsewhere in the federal courts, and so far as we are advised in most state courts, is to have the summons delivered by the clerk to the marshal, which seems to us much the wiser course. In the latter case the clerk would require at the time of the filing of the bill not only the prepayment of his own fee, but of that of the marshal, and the summons would pass automatically into the hands of the latter and not be subject to the vicissitudes of delivery by counsel. But since this is a matter over which we have no control, we mention it only in pass-

[1] Rule 3 of the new rules of civil procedure adopted by the Supreme Court pursuant to the Act of June 19, 1934, 28 U.S.C.A. §§ 723b, 723c, but not yet in effect, provides—A civil action is commenced by filing a complaint with the court.

ing and in explanation of the embarrassment which subsequently arose in this case. Having regard to the local custom, we think the proper rule to be applied in the District of Columbia is that when a bill or declaration is filed and subpoena issued and delivered to the marshal for service before the statute has run, the statute is tolled. While we think that the obligation of delivery of the summons to the marshal includes prepayment of the marshal's fee, nevertheless upon a proper showing that circumstances which could not reasonably have been foreseen delayed payment, proof of reasonable diligence thereafter is sufficient to prevent the operation of the statute. If we could be sure the judge held the view of the law which we have expressed and, after considering the evidence, was of opinion it was insufficient to show a bona fide attempt to have the summonses served promptly, we should be slow to hold that he ruled erroneously; but, in view of the prior unsettled state of the law in this jurisdiction and of the failure of the record to disclose the ground upon which the trial judge acted, we think the judgment should be reversed, and the case remanded for a new trial to be had in accordance with this opinion.

Reversed and remanded.