## REYNOLDS v. NEEDLE.
### No. 8146.

United States Court of Appeals for the District of Columbia.

Argued Nov. 10, 1942.

Decided Dec. 14, 1942.

Mr. Brooks T. Sanders, of Washington, D. C., for appellant.

Mr. Jacob N. Halper, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Appellant sued appellees to recover land and mesne profits. Appellees pleaded res judicata and the statute of limitations. They also moved for summary judgment under Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. following section 723c. Neither side filed supporting affidavits, and appellees filed no copies of the decrees of the District Court upon which they based their plea of res judicata. Appellant moved to strike appellees' answer and motion. The District Court denied appellant's motion, and entered summary judgment for appellees.

162

■ The complaint, which was filed August 28, 1941,[1] alleges that "on the first day of March, 1925, * * * the defendants entered * * * and unlawfully ejected the plaintiff * * *". Since the cause of action arose at the time of the ejection,[2] the complaint shows on its face that it arose more than fifteen years before suit. The statute provides: "No action shall be brought for the recovery of lands, tenements, or hereditaments after fifteen years from the time the right to maintain such action shall have accrued * * *."[3] Appellees were entitled to summary judgment if there was no "genuine issue as to any material fact."[4] Affidavits were not required.[5]

■ ■ Appellant contends that there were issues of material fact because there might possibly be facts which would toll the statute of limitations and avoid the plea. But he alleged no such facts and raised no such issues.[6] If he had such facts to allege he might have amended his complaint, served affidavits, or asked permission to reply.[7] He did none of those things.

We need not consider whether the plea of res judicata was sufficient, without certified copies of the decrees upon which it was based, to support a summary judgment.[8]

Affirmed.

[1] This commenced the action. Rule 3, Federal Rules of Civil Procedure; cf. Maier v. Independent Taxi Owner's Ass'n, 68 App.D.C. 307, 309, note 1, 96 F.2d 579.

[2] McMillan v. Fuller, 41 App.D.C. 384, 390.

[3] D.C.Code, 1940, § 12—201.

[4] Rule 56(c), F. R. C. P.

[5] Rule 56(b), F. R. C. P.

[6] McGrath v. Helena Rubinstein, Inc., D.C., 29 F.Supp. 822, 824. Cf. Fletcher v. Krise, 73 App.D.C. 266, 269, 120 F.2d 809.

[7] Rule 7(a), F. R. C. P.

[8] Cf. Wagenhurst v. Wineland, 22 App.D.C. 356, 366. Fletcher v. Evening Star Newspaper Co., 72 App.D.C. 303, 114 F.2d 582, does not hold that no copies, or no authenticated copies, need be filed. The record in that case shows that the defendant filed copies of the orders relied upon, authenticated in one way or another, and the only question was as to the mode of authentication.