HARRIS v. STONE et al.
Civ. A. No. 1117-53.

United States District Court
District of Columbia.
July 20, 1953.

Curtis P. Mitchell, Washington, D. C., for plaintiff.

Thomas B. Heffelfinger, Washington, D. C., for defendants.

MORRIS, District Judge.

The original complaint in this suit for wrongful death was filed on March 12, 1953, alleging that the death of plaintiff's deceased occurred March 12, 1952, and naming the defendants as Mr. Augustus Stone and Mrs. Augustus Stone, with the address of 3039–44th Street, N. W., Washington, D. C. Process, bearing date of March 12, 1953, was returned on April 2, 1953, "not to be found in this district." On March 31, 1953, an amended complaint was filed, in which J. Austin Stone and Margaret Stone, with the address of 3039—44th Street, N.W., Washington, D. C., were named as defendants. Process, bearing date of March 31, 1953, was effectively served upon each of the defendants on said date.

The matter is before the Court on a motion of the defendants to strike the amended complaint upon the ground that no amendment can be made whereby the defendants may be charged with a cause of action which, it appears from the face of the complaint, is barred by the statute of limitations.

While I do not fully agree with the theory upon which the motion to strike is based, treating it as a motion to dismiss, I am of the view that the amendment does not relate back to the filing of the original complaint, and, therefore, it shows upon its face that the action was not commenced within the time provided for the bringing of actions for wrongful death. An action is commenced with the filing of the complaint and the timely placing in the hands of the marshal process directed to the defendants for service upon such defendants. Bowles v. Dixie Cab Association, D.C.1953, 113 F.Supp. 324; Maier v. Independent Taxi Owner's Ass'n, 68 App.D.C. 307, 96 F.2d 579. Here the complaint did not properly name the defendants against whom it appears from the amended complaint relief is sought. The process was not

directed to such defendants. The amended complaint did properly name the defendants and the process issued pursuant thereto was placed in the hands of the marshal, and was served, but all of this occurred after the expiration of the time within which an action against such defendants could properly be brought. Of course, if there are facts which would toll the running of the statute, or which would estop the defendants from asserting the bar of the statute of limitations, the case would be different. Absent such allegations, the amended complaint must be dismissed.

Counsel will prepare an appropriate order carrying this decision into effect.