Myrvin C. CLARK, Appellant,

v.

Charlie N. KEESEE, Appellee.

No. 2067.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 30, 1957.

Decided Nov. 14, 1957.

John Alvin Croghan, Washington, D. C.,
with whom Henry Carter, Washington,
D. C., was on the brief, for appellant.

Harry A. Calevas, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This suit was filed by appellee on November 19, 1952, on a promissory note dated May 7, 1952. A summons was issued the same day and returned by the marshal "Not to be found." Another summons was issued on August 31, 1955, but appellant could not be located. Finally, a third summons was issued and served on November 15, 1956. Appellant filed an answer which amounted to a general denial, and then moved to withdraw his answer and substitute a motion to dismiss. He was permitted to do so, and subsequently filed a motion based on the three-year statute of limitations.[1]

Appellee opposed this motion and also moved for summary judgment on the ground that there were no factual issues betwen the parties inasmuch as the only defense presented was that of limitations. He filed an affidavit stating that appellant had given him the note as reimbursement for damages he suffered as a result of an automobile collision with appellee in 1952, and that no part of it had been paid. After several unsuccessful attempts to locate appellant he instructed his attorney in November 1952 to bring suit in the District where he had learned that appellant was employed.

Appellant countered with an affidavit in which he admitted that he gave the note in question and that no part of it had been paid. He stated that when he executed the note he was living in Maryland; that shortly thereafter he moved to Washington where he resided for about six months; and that he subsequently lived in Capitol Heights, Maryland, for a year and in Alexandria, Virginia, for a year. Finally he moved to Silver Spring, Maryland, in January 1955 where he has resided ever since. During this entire period he was employed by several firms located in the District.

Appellee's attorney filed an affidavit in which he asserted that when he originally brought this suit, he obtained appellant's business address from a local credit agency but was unable to serve him at that address. In 1955 he received word that appellant was employed by another local firm but was still unable to effect service. In November 1956 he read in a newspaper that appellant was on trial in the United States District Court and effected service there.

On April 29, 1957, the trial judge denied appellant's motion to dismiss the action and gave him ten days within which to file an answer. No action was taken on appellee's motion for summary judgment. On May 23, 1957, judgment by default was entered for appellee and this appeal was noted the following day.

The record before us is silent as to what occurred in the interval between April 29 and May 23, 1957. In this court appellee made a motion to dismiss the appeal, which we later denied. Appellant filed a memorandum in opposition to the motion in which he alleged that on May 3, 1957, appellee's attorney addressed a letter to the trial judge calling attention to the fact that no action had been taken on his motion for summary judgment and requesting a ruling. Appellant claims that he was sent a copy of the letter and consequently did not file an answer because he was waiting for the judge to rule on the motion. For these reasons appellant has asked us, in his memorandum in opposition

1. Code 1951, § 12–201.

to the motion to dismiss the appeal, to reverse the judgment entered by default and remand the case to the trial judge with instructions to rule on appellee's motion. However, none of these facts, if they did occur, appear in the record on appeal, nor was any attempt made to bring them to the attention of the trial judge.

■ The failure of the lower court to rule on appellee's motion for summary judgment requires some further discussion. Appellee contends that the judge could not act on the motion because no answer had been filed in the case at that time. While this was the rule in the federal courts prior to 1946 and the Municipal Court prior to 1950, the present rule permits a claimant to move for summary judgment "at any time after the expiration of 20 days from the commencement of the action * * *."[2] Consequently appellee's motion was not premature and should have been acted upon. We do not regard this omission as serious, however, in the present posture of the case, for, as we have indicated, neither the error nor any prejudice to appellant's rights which it may have caused was brought to the attention of the trial judge, and thus as far as this appeal is concerned, it may be deemed to have been waived.

■ Appellant's sole assignment of error on the merits is the action of the judge in denying his motion to dismiss. Before reaching this issue we must first consider the scope of review which is allowable on an appeal from a default judgment. It is settled that a party in default

may contest the sufficiency of the complaint and whether the averments in it justify the resulting judgment. He may not question the want of testimony or the insufficiency or amount of the evidence.[3] The order of the judge denying appellant's motion was made before the default and represented the adjudication of a duly contested matter, and consequently we believe that it is properly before us for review.[4]

■ On the merits appellant contends that his motion should have been granted because the record shows that service had not been effected within the statutory period of three years after the date of the note. He relies on Maier v. Independent Taxi Owner's Ass'n, 1938, 68 App.D.C. 307, 309, 96 F.2d 579, 581, in which the rule is stated as follows:

"* * * no more is ever required [to toll the statute] than the filing of a declaration or complaint and the issuance of a summons within the statutory period, *provided this is followed by diligence in the service of the summons and the prosecution of the suit. * * *"* (Emphasis supplied.)[5]

The Maier case was modified by the adoption of Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[6] which states that an action "is commenced by filing a complaint with the court," thus dispensing with the necessity that summons also issue,[7] but not the requirement that the claimant must exercise due diligence thereafter in

2. Rule 56(a). See the discussion in 6 Moore's Federal Practice § 56.07 (2nd ed. 1953).

3. Ohio Cent. R. Co. v. Central Trust Co., 1890, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561; Perkins v. Tyrer, 1904, 24 App.D.C. 447; 3 Am.Jur., Appeal and Error, § 850; 3 Freeman on Judgments §§ 1298–1301 (5th ed. 1925).

4. See Tallman v. Ladd, 4 Cir., 1925, 5 F. 2d 582.

5. See also, Slater v. Cannon, D.C.Mun. App.1952, 93 A.2d 92.

6. The Municipal Court has adopted an identical Rule 3.

7. Reynolds v. Needle, 1942, 77 U.S.App. D.C. 53, 54, 132 F.2d 161, 162.

effecting service and prosecuting his action.[8]

Briefly stated, appellant's position is that the affidavits which were before the trial judge when he acted upon the motion to dismiss do not show the required diligence; rather they tend to indicate lack of diligence, for appellee has given no account of what he was doing during the period of approximately two years and nine months between the issuance of the first and second summons, as contrasted with appellant's uncontroverted statement that in all that time he was working in and living in or near the District.

■ We are not certain that the trial judge, when he acted on the motion, actually considered the issue of diligence. In support of his ruling the judge cited two cases: Huysman v. Newspaper Co., 1898, 12 App.D.C. 586, and Reynolds v. Needle, referred to in footnote 7. The Huysman case, while involving the question of diligence, is quite distinguishable factually from the instant case and was decided prior to the Maier case and the adoption of Rule 3. The Reynolds case did not involve any problem of diligence and only stands for the proposition (so far as the instant case is concerned) that an action is commenced upon the filing of the complaint. It is, then, in no way dispositive of the present case. Accordingly we think the judgment should be reversed and appellant's motion reconsidered in the light of the principles discussed herein.[9] At the hearing on the motion the trial judge may, if he deems it necessary, require further affidavits from the parties, and appellee may, if he wishes, renew his motion for summary judgment. If the judge decides that the affidavits are insufficient or raise factual issues, he may of course deny the motions and order a trial.

Reversed with instructions.

8. Kessler v. Fleming, 9 Cir., 1947, 163 F. 2d 464, 467; Slater v. Cannon, supra, n. 5, 93 A.2d at pages 94–95.

9. Cf. Maier v. Independent Taxi Owner's Ass'n, supra, 68 App.D.C. at page 310, 96 F.2d at page 582.