**CRITERION INSURANCE COMPANY,**
a corporation, Appellant,

v.

**William Lewis LYLES, Reynolds Equipment Co., a corporation, B. J. Equipment, Inc., a corporation, and Steuart Motor Co., a corporation, t/a Steuart Truck Center, Appellees.**

**No. 4185.**

District of Columbia Court of Appeals.

Argued April 29, 1968.

Decided July 24, 1968.

George H. Eggers, Silver Spring, Md., for appellant.

John L. Ridge, Jr., Washington, D. C., for appellees William Lewis Lyles, Reynolds Equipment Co., and B. J. Equipment, Inc. James A. Welch, Washington, D. C., was on the brief.

R. Harrison Pledger, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellee Steuart Motor Co.

Before MYERS, KELLY, and FICKLING, Associate Judges.

MYERS, Associate Judge.

Appellant insurance company brought suit in the trial court against a local resident, two Maryland corporations, and the Steuart Motor Company located in the District of Columbia, appellees here. The complaint, seeking damages arising out of an automobile accident in 1963, was filed on

the last day of the three-year period of limitations. The clerk issued the necessary summonses the same day and gave them to appellant's counsel. They were not, however, delivered to the United States Marshal until eighteen days after the period of limitations had run. Service, except upon the individual defendant Lyles,[1] was effected a few days later. The trial judge granted appellees' motion to dismiss on the ground that the cause of action was barred by the three-year statute of limitations.[2] This appeal followed.

■ In the District of Columbia, a civil action is begun by filing a complaint with the clerk of the trial court. Customarily, the clerk issues and delivers the summons to plaintiff's attorney, whose duty is then to give it, together with a copy of the complaint, to the United States Marshal for service.[3] Taking cognizance of this local custom, courts in this jurisdiction have developed the rule that an action is "commenced"[4] when the complaint is filed and the summons is issued and delivered to the Marshal for service. Ordinarily, the applicable statute of limitations stops running at this point. Maier v. Independent Taxi Owner's Ass'n, 68 App.D.C. 307, 310, 96 F.2d 579, 582 (1938); Harris v. Stone, 115 F.Supp. 531 (D.D.C.1953); Bowles v. Dixie Cab Ass'n, 113 F.Supp. 324 (D.D.C. 1953). Our rule and the comparable rule in other jurisdictions are based upon the principle that an action commences when a plaintiff has done all that is incumbent upon him toward the issuance and service of process. Huysman v. Evening Star Newspaper Co., 12 App.D.C. 586 (1898). Since local custom places an extra obligation upon the initiator of a civil action, the statute of limitations ordinarily does not cease to run until that obligation is fulfilled.

Appellant argues that its failure to deliver the summonses and copies of the complaint to the Marshal is excusable because two of the corporate defendants were not residents of the District of Columbia and could not be sued and would not be served until appellant first filed the Traffic Act Bond required by D.C.Code, 1967 ed., § 40–423. It was the time consumed in procuring the bond which appellant contends caused the delay in delivering the summonses to the Marshal for service. This argument does not apply, of course, to the Steuart Motor Company, for which no bond was needed and which was ultimately served without difficulty at its place of business in the District of Columbia. Appellant advances no reason for its failure to promptly deliver to the Marshal the summons for this appellee.

■ As to the nonresident corporate defendants, appellant's argument correctly assumes that failure to deliver the summonses to the Marshal before the statute of limitations has run is not always an absolute bar to a cause of action. In Maier v. Independent Taxi Owner's Ass'n, supra, the court stated that although delivery to the Marshal must be accompanied by repayment of the Marshal's fee, failure to prepay that fee would not necessarily bar the prosecution of the action if it could be shown that unforeseen circumstances prevented prepayment. By analogy, since the Marshal will not serve a summons without prepayment of his fee, there is no substantive difference between unforeseen circumstances that prevent prepayment of the fee to him and unforeseen circumstances which prevent delivery of the summons for service. In both instances, service of the summons upon the defendant is delayed. If appellant had shown that circumstances which could not reasonably have been foreseen delayed de-

1. No service was ever obtained upon defendant Lyles.

2. D.C.Code, 1967, § 12–301.

3. In Federal courts, it is customary for the clerk to deliver the summons directly to the Marshal for service and the statute of limitations ceases to run when the complaint is filed with the clerk's office.

4. GS Rules 3 and 4 of the District of Columbia Court of General Sessions.

livery of these summonses and that, under the circumstances, delivery had been made with reasonable diligence, this explanation would have been sufficient to stop the operation of the statute of limitations.

In the record before us there is nothing that compels the conclusion that the delay here was unforeseeable or that reasonable diligence minimized the length of the delay. That appellant would have to meet a statutory requirement in respect to the nonresident defendants in order to obtain valid service was clearly foreseeable. The trial judge could also have concluded that the time consumed in obtaining the bond was unreasonable, and nothing in the record would negate such a conclusion.

We will not disturb the ruling of the trial judge, which was an exercise of proper judicial discretion. His action in dismissing the complaint is

Affirmed.