**Richard J. HEINRICH, Appellant,**

v.

**Rodney S. HUKE, Appellee.**

**No. 4179.**

District of Columbia Court of Appeals.

Argued July 8, 1968.

Decided Aug. 8, 1968.

Rex K. Nelson, Washington, D. C., for appellant.

John J. O'Neill, Jr., Washington, D. C., with whom Robert E. Anderson, Washington, D. C., was on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge.

In November 1962, motor vehicles operated by appellant and appellee collided in the District of Columbia. The property damage incurred by appellee was paid by his

insurance carrier, which, as subrogee, then filed suit in the Small Claims Branch of the Court of General Sessions to recover from appellant the amount paid to its insured.

In November 1965, appellant filed the instant suit in the Civil Division of the Court of General Sessions to recover losses arising from both personal injury and property damage allegedly suffered in the collision. Since appellee is a Maryland resident, copies of the summons and the complaint were served upon the Director of Motor Vehicles of the District of Columbia as required by § 40–423(a) of the District of Columbia Code, 1967 ed.[1] Appellant did not, however, mail notice of such service and copies of the summons and the complaint to appellee in Maryland.

The trial in the Small Claims Branch was held on July 27, 1966, and appellee was called as a witness for his insurance carrier. On that day appellant attempted to have appellee personally served in the courthouse with copies of the summons and complaint in his suit in the Civil Division. Upon advice of counsel, appellee refused to accept service and the papers were then mailed to appellee's Maryland address. Appellee moved to dismiss the action against him and/or to quash service for failure to comply with the provisions of the Motor Vehicle Safety Responsibility Act of the District of Columbia. The trial judge found "that the plaintiff [appellant] made no reasonable attempt to complete service of process upon the defendant [appellee] within the statutory period and that as a result of said lack of due diligence the statute of limitations expired." The trial judge dismissed the case with prejudice, and this appeal followed.

■ In authorizing substituted service on nonresident motorists, which is in derogation of the common law, the Motor Vehicle Safety Responsibility Act affects substantial rights. The statute must, therefore, be strictly construed and strictly complied with. Wood v. White, 68 App.D.C. 341, 97 F.2d 646 (1938), cert. denied, 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541; Brenner v. Margolies, D.C.Mun.App., 102 A.2d 300 (1953).

■ The three-year period of limitations[2] applicable to the instant case began to run in November of 1962. Although appellant served the Director of Motor Vehicles with copies of the complaint and summons, he did not comply with the statutory requirement that notice of such service and a copy of the process be sent "forthwith" to the defendant-appellee by registered mail. In fact, there was no effort to forward a copy of the process to appellee until seven months after the statute of limitations had run. While "forthwith" has been construed to

1. "The operation by a nonresident * * * of a motor vehicle on any public highway of the District of Columbia shall be deemed equivalent to an appointment by such nonresident of the Commissioners * * * to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceedings against such nonresident growing out of any accident or collision in which said nonresident * * * may be involved while operating a motor vehicle on any such public highway * * *. Service of such process shall be made by leaving a copy of the process with a fee of $2 in the hands of the Commissioners or in their office, and such service shall be sufficient service upon the said nonresident: *Provided*, That the plaintiff in such action shall first file in the court * * * an undertaking in form and amount * * * to reimburse the defendant, on the failure of the plaintiff to prevail in the action, for the expenses necessarily incurred by the defendant * * *; *And provided, further,* That notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or his attorney, to the defendant, and the defendant's return receipt appended to the writ and entered with the declaration, or such notice of such service and a copy of the process may be served upon the defendant in the manner provided by section 13–108. * * *" Section 13–108 no longer appears in the 1967 edition of the District of Columbia Code. Its provisions are now set forth partly in Section 13–336 and partly in Section 13–337.

2. D.C.Code, 1967, Section 12–301.

mean a "reasonable" period of time, what is reasonable varies with the circumstances. We do not think that a lapse of seven months, during which no attempt was made to complete service, is a reasonable period of time. There was a clear showing of lack of diligence in completing service of process upon the nonresident defendant.

 Recently, in Criterion Ins. Co. v. Lyles, D.C.App., 244 A.2d 913 (decided July 24, 1968), we had occasion to pass upon a delay in meeting the statutory requirements of service upon nonresident corporate defendants. In that case we held that since the delay was not occasioned by unforeseen circumstances and was, therefore, not excusable, the statute of limitations was not tolled. For the same reason, we think the present case is barred by the same statute of limitations.

Affirmed.