Julio D. VARELA, Appellant,

v.

HI–LO POWERED STIRRUPS, INC., Underwriters Laboratories, Inc., First Virginia Leasing Co., Will-Burt Co., National Restoration Corp., and A. A. Ladder & Supply Corp., Appellees.

David W. PENN, Jr. and Mary Ann Penn, Appellants,

v.

UNDERWRITERS LABORATORIES, INC., First Virginia Leasing Co., Will-Burt Co., National Restoration Corp., and A. A. Ladder & Supply Corp., Appellees.

Nos. 79–477, 79–660.

District of Columbia Court of Appeals.

Argued Nov. 29, 1979.

Decided Feb. 22, 1980.

Opinion Vacated and Rehearing En Banc Granted as to No. 79–477 (Varella) April 22, 1980.*

* Editors Note: Opinion and judgment remain extant as to No. 79–660 (Penn).

Wayne M. Mansulla, Alexandria, Va., for appellants.

· Richard W. Galiher, Washington, D. C., for Hi-Lo Powered Stirrups, Inc.

James I. Serota, Washington, D. C., for Underwriters Laboratories, Inc.

William J. Carter, Williamsburg, Va., with whom John T. Coyne, Washington, D. C., was on brief, for First Virginia Leasing Co.

Edward J. Gorman, Jr., Washington, D. C., with whom Audrey F. Gorman was on brief, for Will-Burt Co.

Edward A. Sheridan filed a brief, for Nat. Restoration Corp.

David P. Durbin, Washington, D. C., filed a brief for A. A. Ladder and Supply Corp.

Before KERN, NEBEKER and FERREN, Associate Judges.

KERN, Associate Judge:

These appeals present for our determination whether the trial court in dismissing appellants' suits for personal injuries correctly applied the three-year statute of limitations governing negligence actions within the District of Columbia.[1]

The chronology of pertinent events in each of the two appeals is as follows:

PENN'S APPEAL:

*April 7, 1975*—Appellant Penn injured at construction site.

*October 22, 1976*—Appellant Penn filed his complaint against appellee Hi-Lo Powered Stirrups, Inc. (Hi-Lo).[2]

*December 1, 1977*—Appellant Penn moved for leave to amend his complaint to add the five other appellees as defendants.[3]

*May 16, 1978*—Motion for leave to amend complaint by appellant Penn granted.

VARELA'S APPEAL:

*April 7, 1975*—Appellant Varela injured at construction site.

*April 5, 1978*—Appellant Varela filed his complaint against appellees.

---

1. The applicable statute provides:

    Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
    . . . (8) for which a limitation is not otherwise specifically prescribed—3 years. [D.C.Code 1973, § 12–301.]

2. Hi-Lo Powered Stirrups, Inc., assembled the construction scaffolding from which appellants fell in April 1975.

3. Of the appellees sought to be added to the complaint, Will-Burt Company had manufactured the scaffold, Underwriters Laboratories, Inc., had tested a sample of it, and A. A. Ladder & Supply Corp., First Virginia Leasing Corp. and National Restoration Corp. had supplied parts of the scaffolding.

*April 10, 1978*—Appellant Varela effected service on all appellees by certified mail.

The trial court concluded upon appropriate motions by appellees and after hearings that (1) the three-year statute of limitations barred appellant Penn's complaint against all appellees except Hi-Lo[4] because those appellees were not named as parties defendant until more than three years after his injury had occurred, and (2) the statute also barred appellant Varela's complaint because he had failed to serve that complaint until more than three years after his injury had occurred.

Appellant Penn attacks the trial court's ruling of dismissal as to all appellees but Hi-Lo on two grounds: (a) the 1978 amendment of his 1976 complaint, which concededly was timely, should have been deemed by the trial court to "relate back" to the date of his complaint; and (b) the appropriate statutory period to be applied was not three years (applicable to tort actions) but four years (applicable to actions for breach of contract for sale under the Uniform Commercial Code, adopted in the District of Columbia in Title 28 of the D.C.Code), because his complaint alleged, in addition to negligence, that the appellees had breached a warranty of fitness of the particular equipment whose malfunction caused his injury.

We first address appellant Penn's "relation back" argument. Super.Ct.Civ.R. 15(c) provides in pertinent part:

An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense . . . and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[5]

The record is silent on the matters Rule 15(c) makes requisite to a "relation back." The record contains no showing either (1) that the appellees sought to be named in the complaint by appellant Penn's amendment had ever acquired notice so that they would not be prejudiced by the delay in being named as defendants, or (2) that they knew that, but for Penn's oversight, the personal injury actions would have been brought against them.

Appellant Penn argues that the silence of the record on these matters does no damage to his case because it should be presumed that the trial court, before entering its 1978 order granting appellant's motion for leave to amend his complaint, was satisfied that the requirements of Rule 15(c) had been met. We are not persuaded that the express requirements of the Rule can be met by such a presumption; rather, we believe the Rule requires a showing on the record by the movant, appellant Penn, that appellees had adequate notice of the action and of his mistake in failing to name them at the outset.[6] Having failed to meet the Rule's requirement, appellant Penn cannot prevail on this argument.

We also reject appellant Penn's argument that the Uniform Commercial Code's four-year statute of limitations ap-

4. Appellant Penn's suit against Hi-Lo has been stayed pending appeal pursuant to Super.Ct. Civ.R. 54(b).

5. Although Rule 15(c), by its terms, applies when an amendment has the effect of *changing* a party against whom a claim is asserted, the word "changing" should be liberally construed, so that amendments simply adding or dropping defendants fall within the ambit of the rule. *See* 6 Wright & Miller, Federal Practice & Procedure 511 (1971). In such cases the phrase "but for a mistake concerning the identity of the proper party" must be read to mean that any party who is to be added by the amendment after the limitations period has expired had adequate notice of the action and of plaintiff's mistake in failing to name him at the outset. *Id.* at 507.

6. We reject appellant Penn's contention that appellees had the burden of showing his failure to comply with the Rule. We are of opinion that the Rule places the burden on the movant, which in this case is appellant Penn.

plies. Since he did not urge this argument on the trial court when it was considering whether his complaint as to the appellees other than Hi-Lo was barred, he cannot now advance this new contention as a basis for the reversal of the trial court's order of dismissal.[7]

■ We turn now to appellant Varela, who filed his complaint before the statutory period of limitations ran but did not make service by certified mail until three days *after* the period had run. This court recently concluded that where plaintiff's attorney could have delivered the *summons and complaint* to the Marshal for service but instead chose to serve by certified mail, he therefore assumed the burden of actually posting the summons and complaint before the statutory period of limitations had run. *Hall v. Cafritz*, D.C.App., 402 A.2d 828, 832–33 (1979).[8] The only pertinent exception to this requirement that a plaintiff under these circumstances *both* file a complaint and mail the process before the statutory period runs arises where the plaintiff shows that unforeseeable circumstances delayed his service of process and that under those particular circumstances the service he ultimately made was with reasonable diligence. *Id.* at 832.[9]

Appellant Varela argues that his attorney's participation in and preoccupation with a trial on April 5 (the date of the filing of the complaint) constituted an "unforeseeable circumstance" delaying his service, to which he reacted with "reasonable diligence" by posting the complaint and summons on April 10, only three days after the statutory period had run. We reject that argument, just as in *Hall* we rejected appellant's argument that the absence from work of his attorney's secretary on the last day of the statutory period constituted "unforeseeable circumstances" excusing appellant's attorney from himself mailing the requisite process before the statutory bar precluded the suit.[10]

Appellant Varela relies on the "law of the case" doctrine as further support of his contention that the statute did not bar his personal injury action. He points to the fact that sometime prior to the court's order he now appeals, another judge in the trial court denied a motion filed by appellee A. A. Ladder & Supply Corp. (A. A.) to dismiss appellant Varela's complaint, and that the basis for A. A.'s motion to dismiss was that he had not effected service (by mail) until after the statutory period had run. This ruling, appellant Varela claims, constituted the "law of the case"; there-

7. Even if we were to agree that the four-year limitations period of D.C.Code 1973, § 28:2–725, should apply to this case—an issue we need not and do not reach here—the record is deficient with respect to the dates critical to uphold appellant Penn's argument on this point. Specifically, the four-year period prescribed in that section commences to run upon breach of the warranty (which occurs when delivery of the goods is tendered) unless a further warranty explicitly delays commencement of that period. Here, the record reflects that the scaffolding was delivered, at the latest, in May 1972. Therefore, absent an express warranty to the contrary, the four-year statutory bar would have dropped in May 1976, well before the date appellant's complaint was amended. Undoubtedly, the reason for the record's silence as to any express warranty concerning the running of the four-year period under the Uniform Commercial Code is that appellant Penn did not urge this argument on the trial court.

8. The decision in *Hall* relied on the rule of *Criterion Insurance Co. v. Lyles*, D.C.App., 244

A.2d 913 (1968), requiring a plaintiff not only to file his complaint but also to have the "summons . . . issued and delivered to the Marshal for service" before the statutory period had run in order to have his action avoid the bar of the statute. *Id.* at 914.

9. This aspect of the *Hall* decision also rested on the *Criterion* case, in which we emphasized that the only recognized exception to the rule at issue arose when plaintiff had shown that "circumstances which could not reasonably have been foreseen delayed delivery of these summonses and that, under the circumstances, delivery had been made with reasonable diligence . . . ." *Criterion, supra* at 914–15 n.7.

10. The holding in *M. A. P. v. Ryan*, D.C.App., 285 A.2d 310 (1972), precludes us from accepting appellant Varela's invitation to overrule *Hall* in order to reconsider whether filing and serving the complaint must *both* be done before the running of the statutory period.

fore, the court's dismissal of his complaint is improper under the doctrine that once the court has decided a point in a case that point becomes and remains settled unless and until it is reversed or modified by a higher court. *See generally* 1B Moore's Federal Practice ¶ 0.404 (1974).

■ However, in our view, the "law of the case" doctrine did not prohibit the trial court from entering the order of dismissal of appellant Varela's complaint. A judge of the trial court is not bound by another judge's earlier ruling if the later ruling addressed a legal issue differing from that presented for the first ruling.[11] The reason for this is clear: the first judge, though perhaps establishing the "law of the case" on the issue before him, did not even rule on the issue considered by the second judge. *See Kritsidimas v. Sheskin*, D.C.App., 411 A.2d 370 (1980).

■ Here, the trial court's first order, entered upon appellee A. A.'s motion to dismiss, directly addressed only the issue of the degree of diligence on the part of appellant's attorney in serving process by certified mail.[12] The court apparently did not consider that the issue of the attorney's "reasonable diligence" in serving process after the statutory period had run arises only if counsel first proves that "unforeseeable circumstances" prevented him from making service by mail within the statutory period.[13] When appellee A. A. renewed its motion to dismiss, in which the other appellees joined, it specifically presented this two-part test, *viz.*, (i) was the delay occasioned by unforeseeable circumstances and (ii) did the plaintiff act with due diligence in those

circumstances?[14] It was then urged to the second judge that an attorney's preoccupation with a trial does not constitute "unforeseeable circumstances." (Record at 118–20; 126–27.) Thus the trial court was faced with a different issue on the renewed motion to dismiss and therefore was not bound by the law of the case and was free to enter the order of dismissal.

*Affirmed.*

11. 1B Moore's Federal Practice ¶¶ 0.404[1], 0.404[4] (1974); *Pitts v. District of Columbia*, D.C.App., 391 A.2d 803, 805 n.1 (1978); *Naples v. United States*, 123 U.S.App.D.C. 292, 293 n.1, 359 F.2d 276, 277 n.1 (1966); *Brownfield v. Landon*, 113 U.S.App.D.C. 248, 252, 307 F.2d 389, 393, *cert. denied*, 371 U.S. 924, 83 S.Ct. 291, 9 L.Ed.2d 232 (1962).

12. The court, citing *Criterion, supra* at 914–15 n.7 (Record at 21–22), concluded that under the circumstances "there was no lack of diligence in issuance [by mail] of the summons."

13. We draw this conclusion—that the court considered only the "reasonable diligence" issue—because the record, although unclear on the precise approach taken by the court, clearly does not support a finding of "unforeseeable circumstances."

14. These two steps of the inquiry, and the order in which the two steps must be taken, were discussed not only by our court in *Criterion, supra* at 914–15 n.7, but also by the United States Court of Appeals for this circuit in *Maier v. Independent Taxi Owner's Ass'n*, 68 App. D.C. 307, 310, 96 F.2d 579, 582 (1938).