**TEXTILE MUSEUM, a corporation, Plaintiff,**

v.

**F. EBERSTADT & CO., INC., a corporation, Defendant.**

**No. 77 Civ. 6045 (VB).**

United States District Court, S. D. New York.

June 30, 1978.

---

Healey & Farrell, New York City, for plaintiff.

Cahill Gordon & Reindel, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This action arises out of the collapse in 1974 of the Franklin New York Corporation, a holding company whose major or sole asset was the Franklin National Bank of Mineola, New York. The complaint was filed in the District Court for the District of Columbia on June 21, 1977. The action was transferred to this court under 28 U.S.C. § 1406(a). An amended complaint was filed in this court on February 1, 1978. Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. Section 1332 and is not contested.

Plaintiff was incorporated and has its principal place of business in Washington, D.C. Defendant was incorporated under the laws of Delaware, and has its principal place of business in New York City.

Plaintiff, by agreement executed in New York in 1969, entered into a contract with defendant's predecessor under which the latter agreed to provide investment advisory services to the plaintiff. Defendant succeeded to the responsibilities of its predecessor by agreement executed in October 1969. Defendant and its predecessor rendered investment advisory services under the agreement with plaintiff from the time of its execution in 1969 until 1976.

In 1969, upon the advice of defendant, plaintiff purchased 3,000 shares of the Franklin New York Corporation. On May 10, 1974 the shares of that corporation ceased to be traded in the over-the-counter market, upon order of the Securities and Exchange Commission.

In this action plaintiff alleges that a proper analysis by defendant of Franklin National Bank after January 1, 1974 would have disclosed that the bank was in grave danger of failing, and that defendant is liable to plaintiff for its failure to recommend sale of the shares of the Franklin New York Corporation at that time.[1]

Defendant moves for dismissal of the complaint or for summary judgment, claiming that the action is barred by the statute of limitations.[2] For the reasons hereafter stated, defendant's motion is denied.

■ Plaintiff's cause of action arose at the latest on May 10, 1974, the last date on which shares of The Franklin New York Corporation were traded.[3] The parties agree that "[t]his case is basically a malpractice action to which a three year statute of limitations would be applied . . . § 214 C.P.L.R. (sic)."[4]

■ Although the three year statute of limitations normally would have expired on May 10, 1977, the parties entered into a written agreement dated March 24, 1977 which provides that "if prior to June 23, 1977, [plaintiff] institute[s] an action . . . against Eberstadt, the time between March 25, 1977 and the date on which such action is instituted will not be included in computing the time limited by any statute of limitations. . . . "[5] This agreement is valid, because the defense of statute of limitations is not jurisdictional, but may be waived by defendant. Rule 12(h), F.R. Civ.P.

■ This action was commenced by the filing of the complaint in federal court in the District of Columbia on June 21, 1977.

1. See Amended Complaint filed in the Southern District of New York on February 1, 1978, Counts I through IV.

2. The instant motion to dismiss was made before the District Court for the District of Columbia. That court did not reach the merits of defendant's motion on statute of limitations grounds but granted defendant's alternative motion for transfer of the action to the district court for the Southern District of New York, pursuant to 28 U.S.C. Section 1406(a).

3. In its Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment filed February 15, 1978 ("Supplemental Memorandum"), plaintiff contends that under a continuous treatment doctrine, the running of the statute of limitations did not commence until the termination of the relationship between the parties in 1976. Plaintiff cites New York cases which have applied this doctrine to malpractice cases against doctors and other professionals. However, the continuous treatment analysis has been limited to continuous

treatment for the same illness or subject matter and does not apply to this case.

Defendant handled plaintiff's portfolio until 1976, but defendant did no work relating to The Franklin New York Corporation after May 10, 1974. Thus, plaintiff cannot make use of the continuous treatment doctrine. See Borgia v. City of New York, 12 N.Y.2d 151, 237 N.Y.S.2d 319, 322, 187 N.E.2d 777, 779 (1962). "The 'continuous treatment' we mean is treatment for the same or related illnesses or injuries, continuing after the alleged acts of malpractice, not mere continuity of a general physician-patient relationship."

4. Supplemental Memorandum at p. 2. See also Memorandum Submitted on Behalf of F. Eberstadt & Co. in Response to Plaintiff's Supplemental Memorandum filed February 22, 1978 at pp. 1–2 and note.

The statute of limitations for negligence actions is also three years in the District of Columbia. D.C.Code Section 12–301 (1973).

5. Exhibit C to Affidavit of Donald S. Parker dated August 15, 1977.

Rule 3, F.R.Civ.P.; *Sylvestri v. Warner & Swasey Co.*, 398 F.2d 598 (2d Cir. 1968); *Manatee Cablevision Corp. v. Pierson*, 433 F.Supp. 571, 575 (D.D.C.1977).[6] Since the filing occurred before the expiration of the time period agreed to by the parties, the action is timely. The fact that proper service on defendant was not effected until December 1977 does not defeat the action. *Messenger v. United States*, 231 F.2d 328, 329 (2d Cir. 1956), "[A]fter the filing of the complaint, the actions remain pending in an inchoate state until service is completed unless and until the action is dismissed for failure to prosecute under Rule 41(b).", *quoted in International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). There has been no motion for dismissal pursuant to Rule 41(b) in this case.

The amended complaint filed on February 1, 1978 added various counts (Counts V through VIII) which are dismissed as untimely. Counts V through VIII are based upon defendant's original recommendation in 1969 that plaintiff purchase the shares of The Franklin New York Corporation. These counts of the amended complaint do not relate back to the date the original complaint was filed, because they do not arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." Rule 15(c), F.R.Civ.P.

SO ORDERED.

---

**6.** Defendant contends that 1) the New York borrowing statute, N.Y. CPLR Section 202 (McKinney 1972), requires that I apply the law of the District of Columbia as to when an action is commenced; and 2) the law in the District of Columbia states that an action is commenced upon filing the summons and taking all necessary steps to insure that proper service is effected, *citing Criterion Insurance Co. v. Lyles*, 244 A.2d 913 (D.C.App.1968). Defendant argues that plaintiff did not take all steps necessary to effect service, because plaintiff should have known that service upon the Secretary of State of the State of New York would not be valid as to defendant. N.Y. BCL Sections 306, 102(a)(11) (McKinney 1963). However, I need not decide these issues. The action here was begun in federal district court. Regardless of the rules for the local District of Columbia courts, a suit in federal district court is commenced and the statute of limitations ceases to run upon filing of the complaint. *Manatee Cablevision Corp. v. Pierson*, 433 F.Supp. 571, 575 (D.D.C.1977). *See also Criterion Insurance Co., supra* 244 A.2d at 914 n.3.