**MARINE MIDLAND BANK, Plaintiff,**

v.

**KEPLINGER & ASSOCIATES, INC. and J. W. Miller & Associates, Inc., Defendants.**

**No. 79 Civ. 4618 (KTD).**

United States District Court, S. D. New York.

March 31, 1982.

Sullivan & Cromwell, New York City, for plaintiff; John Dickey, D. Stuart Meiklejohn, Douglas Mark McCall, New York City, of counsel.

Gottesman, Wolgel, Smith & Secunda, New York City, for defendant Keplinger & Associates, Inc.; Harold H. Wolgel, Lawrence L. Flynn, New York City, of counsel.

Olshan, Grundman & Frome, New York City, for defendant J. W. Miller & Associates, Inc.; David Parker, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this diversity action the plaintiff, Marine Midland Bank ["MMB"], a New York banking corporation, moves for leave to amend its original complaint pursuant to Fed.R.Civ.P. 15. The plaintiff wishes to assert additional claims sounding in negligence and misrepresentation of material fact against defendants, J. W. Miller & Associates, Inc. ["Miller"], a West Virginia corporation and Keplinger & Associates, Inc. ["Keplinger"], a corporation organized under the laws of Texas. The plaintiff's original complaint arises from facts sur-

rounding its decision to finance a Utah coal mining operation, the Atlas-Dirty Devil Mining Project ["the project"].

## I.

In the summer of 1977, MMB was approached by investors seeking financial resources for the development of a Utah coal mine. Before entering into any contractual commitments, MMB obtained a geological report of the mining site prepared by Miller. The Miller Report allegedly assured MMB that development of the mine could yield a recovery of nearly 27 million tons of clean coal. To evaluate the reliability of the conclusions reached by Miller, MMB sought the services of Keplinger, an expert coal consultant, who agreed to review all the geological data of the project and to report to MMB on potential coal recoveries.

In August, 1977, Keplinger represented to MMB in a written report that the procedures employed by Miller in the calculation of coal reserves had been performed in accordance with standard professional practice; that the reserves were adequate for large scale surface mining, and that the coal quality would meet consumer requirements. Thereupon, in November, 1977 and continuing into the following year, MMB disbursed funds to finance the project. During this same period of time, plaintiffs allege that Keplinger was to continue its reports to MMB on the status of the project.

By the fall of 1978, it became apparent that the site's recoverable coal would not meet the defendants' predictions upon which MMB had purportedly relied. This conclusion was supposedly later confirmed in reports made by Keplinger. The Atlas-Dirty Devil Mining partnership has since filed a petition under Chapter XI of the Bankruptcy Act. MMB commenced this action against both defendants to recover approximately $9 million in unpaid loans incurred from financing of this now bankrupt project.

The original complaint contains three counts; two essentially allege that all MMB money advances made to the project resulted from reliance upon the accuracy of the defendants' representations made up to August, 1977. The additional count alleges a breach of contract claim against Keplinger for failure to employ standard professional methods in evaluating the conclusions reached by the Miller Report.

The plaintiff now seeks to amend its complaint to allege that it financed the project through mid-March, 1979 in reliance upon defendants' continuing misrepresentations. Further, the amended complaint charges that both Miller and Keplinger made representations to MMB through July, 1978 and that their failure to suggest that the original feasibility studies were inaccurate constituted a breach of their duty to exercise reasonable care under the circumstances.

## II.

After a responsive pleading has been filed, amendment may be permitted only by leave of court or with the express written consent of the opposing party. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of court "shall be freely given when justice so requires." It is well settled that the propriety of granting a motion for leave to amend is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The grounds upon which the court may properly deny the introduction of a proposed amended pleading include undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, futility of amendment and undue prejudice to the opposing party. *Foman v. Davis, supra* at 182, 83 S.Ct. at 230; *Holt v. Katy Indus., Inc.*, 71 F.R.D. 424, 426–27 (S.D.N.Y.1976); 3 Moore's *Federal Practice* ¶ 15.08[4] (2d ed. 1980). Perhaps, the most important factor to be taken into consideration by the court is whether the opposing party will be unduly prejudiced if the proposed amendment is permitted. *Zenith Radio Corp. v. Hazeltine Research, Inc., supra* 401 U.S. at 330–31, 91 S.Ct. at 802; *Middle*

*Atlantic Utilities Co. v. S. M. W. Develop. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968).

In the instant case, the plaintiff contends that the proposed amended complaint sets forth a different legal theory upon which relief can be granted, namely, that the defendants had a continuing duty to MMB to correct earlier misrepresentations. A close examination of the amended pleading reveals, however, that the plaintiff seeks to enlarge its original claim to include allegations of reliance upon defendants' representations made within a new time period. While the original complaint related only to events through August, 1977, the amended complaint alleges that the defendants (i) failed to correct the negligent statements made earlier and (ii) made new misrepresentations to MMB through at least July, 1978. Further the plaintiff contends that reliance upon such statements caused it to disburse funds to the mining project through mid-March, 1979.

■ To permit the plaintiff to now assert additional claims of misrepresentation encompassing an extended period of time would in effect constitute a contravention of the applicable statute of limitations. Such a result would substantially prejudice the defendants and therefore cannot be justified despite the liberal amendment policy underlying Fed.R.Civ.P. 15.

■ It is well established that in diversity actions the district court will apply the statutes of limitation of the state in which the federal court sits. *Guaranty Trust Co. v. York*, 326 U.S. 99, 108–10, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). The present transaction appears to be controlled by N.Y. Civ.Prac. & Rules § 214 (McKinney) which provides that a negligence action be commenced within three years. *See Textile Museum v. F. Eberstadt & Co., Inc.*, 453 F.Supp. 72, 75 (S.D.N.Y.1978). Therefore, the plaintiff's attempted amendment encompassing claims through July, 1978 was barred after July, 1981 and cannot be allowed as part of the amended pleading.

■ Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment may relate back to the date of the original pleading. However, the doctrine is properly applied only when the claims asserted "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The determining factor in deciding whether the new allegations "relate back is whether the defendant was given adequate notice that such claims might be made upon examining the facts alleged in the original pleading." *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir.), *cert. denied*, 414 U.S. 102, 38 L.Ed.2d 90 (1973); *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088, 1093 (S.D.N.Y.1977). The original complaint concerned itself only with events prior to and including August, 1977, and cannot be viewed to have put defendants on notice that acts up to July, 1978 would also be a part of this action.

In March, 1978, Keplinger received a separate assignment from MMB to monitor construction progress and start up operations at the mine site. This task was unrelated to the work Keplinger performed in August, 1977. This later assignment was a different transaction, having a different set of operative facts. The amendment, therefore, cannot be said to relate back to the date of the original pleading and its introduction must be barred by the statute of limitations. *See Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088, 1093 (N.D.N.Y.1977); *Textile Museum v. F. Eberstadt & Co., Inc.*, 453 F.Supp. 72, 75 (S.D.N.Y.1978).

The amendment appears to be based on information which was within the plaintiff's knowledge at the time it filed its original complaint. Although the plaintiff alleges otherwise, it has failed to establish that any of the facts included in the proposed amendment are newly discovered. I find it somewhat inconceivable for the plaintiff to claim that the misrepresentations on which it relied in 1978 were unknown to it until the time for discovery in this case was about to expire. *See* 6 Wright and Miller, *Federal Practice and Procedure: Civil* § 1488 at 443–44 (1971).

Under the circumstances, I must conclude that this is but an attempt at a tactical maneuver perhaps to force a new round of expensive discovery on the defendants.

The motion is in all respects denied.

SO ORDERED.