**Thomas MORAN, Local 1–3 of the Utility Workers' Union of America and 200 Other Individuals, Plaintiffs,**

v.

**Michael VACCARO, Velson Harris, Anthony Neri, Ronald Finer, Ralph Morgan, Alan Nardone, Eugene Maltini, and Consolidated Edison Company of New York, Inc., Defendants.**

No. 87 Civ. 7993 (RWS).

United States District Court,
S.D. New York.

April 15, 1988.

Clifton & Schwartz, New York City, for plaintiffs; Arthur Z. Schwartz, of counsel.

Charles E. McTiernan, Jr., New York City, for defendant Consolidated Edison Co. of N.Y.; Richard J. Giglio, Diane M. O'Malley, of counsel.

## OPINION

SWEET, District Judge.

Defendants Consolidated Edison Company of New York, Inc. ("Con Edison") and seven of its management employees have moved pursuant to Fed.R.Civ.P. 12(b)(1) for an order dismissing plaintiffs' third cause of action under section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a) (1983), for lack of subject matter jurisdiction and dismissing plaintiffs' two remaining state law claims for lack of pendent jurisdiction. In opposition to Con Edison's motion, plaintiffs Thomas Moran *et al.* have moved for leave to file a seconded amended complaint. Upon the findings and conclusions set forth below, the motion to dismiss is granted, and leave to file an amended complaint is denied.

### Background

Plaintiffs are Local 1–2 of the Utility Workers' Union of America and more than 200 union employees of Con Edison. On November 9, 1987, plaintiffs filed a com-plaint (the "Original Complaint") asserting one federal claim and two state law claims based on the allegation that they worked on or around asbestos-contaminated insulation at Con Edison's 74th Street Generating Station in New York, New York (the "74th Street Plant") without being directed to take safety precautions. On December 9, 1987, plaintiffs amended the Original Complaint by adding sixty-five additional union employees as plaintiffs.

Brought under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a) (1983) (the "Act"), the Original Complaint alleged that Con Edison violated regulations promulgated by the Environmental Protection Agency ("EPA") pursuant to 42 U.S.C. §§ 7412, 7601(a) (1983). In particular, the Original Complaint alleged that between July 27, 1987 and September 4, 1987, Con Edison violated EPA regulations that require friable asbestos material removed during the renovation of a facility to be adequately wetted, carefully lowered in units or sections to ground level, and placed in leak-tight containers while wet. *See* 40 C.F.R. §§ 61.147, 61.152 (1987). The Original Complaint also alleged that on September 4, 1987, plaintiff Thomas Moran, the shop steward of plaintiffs' union, notified the EPA and the State of New York of Con Edison's alleged violations of the Act.

On December 14, 1987, Con Edison filed a motion to dismiss the Original Complaint on the grounds that because plaintiffs had alleged only past violations of the Act, the court was without subject matter jurisdiction under the recently decided *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* — U.S. —, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). In *Gwaltney,* the Supreme Court held that the provision of the Clean Water Act authorizing citizen suits for injunctive relief or civil penalties against persons allegedly in violation of the statute did not confer federal jurisdiction over citizen suits for wholly past violations. *Id.* 108 S.Ct. at 384. The Court also held, however, that the provision did confer citizen suit jurisdiction based on good-faith allegations of "continuous or intermittent

violations" and remanded for consideration of whether the plaintiffs' complaint contained a good-faith allegation of ongoing violations by the defendant. *Id.* at 385.

On January 7, 1988, plaintiffs filed the instant cross-motion for leave to file a second amended complaint (the "Amended Complaint"). The Amended Complaint adds fifteen plaintiffs and alleges that some time after September 4, 1987, representatives of plaintiffs' union gave oral notice to Con Edison of its alleged violations. In an effort to cure the jurisdictional defect of the Original Complaint, the Amended Complaint also alleges: "The violations of the Clean Air Act aforedescribed are part of an intermittent pattern of violations committed by Con Edison and the individual defendants at the 74th Street Plant."

On or before January 7, 1988, the United States filed suit against Con Edison in the District Court for the Eastern District of New York (the "EPA suit"). The EPA suit alleges that Con Edison committed forty-three separate violations of the Act at nine of its plants, including the 74th Street Plant, between 1984 and 1987. With respect to the 74th Street Plant, the EPA suit alleges:

25. In or about August 1987 and continuing, [Con Edison] at its 74th Street Generating Station in New York, New York, repeatedly violated [EPA regulations] in that it:

a) cut or disjointed Facility components that contained a regulated amount of friable asbestos material, which components are believed to be boiler doors, stripped from a Facility, without adequately wetting the material or otherwise treating it as specified by EPA, in violation of 40 C.F.R. § 61.147(b)(1);

b) failed to provide EPA with any written notification of the renovation of theses Facility components in violation of 40 C.F.R. § 61.146(a); and

c) collected and stored these Facility components, stripped from a Facility and from which friable asbestos was exposed, without adequately wetting the material or otherwise treating it as specified by EPA, in violation of 40 C.F.R. § 61.147(e)(1).

Of the forty-three separate causes of action in the EPA suit, thirty-nine allege that Con Edison's written notices to the EPA of asbestos removal work were defective in one way or another. Thus, the EPA suit alleges only four substantive violations of the Act, one of which involves the 74th Street Plant.

*The Motion to Dismiss*

Con Edison contends that the Original Complaint should be dismissed because (1) plaintiffs claims for relief were based wholly on past violations of the Act and (2) plaintiffs failed to comply with the provisions in the Act and the regulations promulgated thereunder that preclude the filing of a citizen suit prior to sixty days after the plaintiff has given notice of the alleged violation to the EPA, the State in which the violation occurred, and the alleged violator. *See* 42 U.S.C. § 7604(b) (1983); 40 C.F.R. §§ 54.1–54.3 (1987).

With respect to the proposed Amended Complaint, Con Edison contends that leave to replead should be denied because (1) the Act expressly prohibits the filing of a citizen suit after the EPA has filed a suit alleging the same violation, (2) plaintiffs have still failed to comply with the notice provisions of the Act, and (3) the Amended Complaint's conclusory allegation that Con Edison has committed "intermittent" violations of the Act is insufficient to invoke federal jurisdiction under *Gwaltney*.

*The Original Complaint*

The Original Complaint was based wholly on past alleged violations of the Act by Con Edison. In *Gwaltney*, the Supreme Court held that the language of § 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), which permits private citizens to bring suit against any person "alleged to be in violation" of the statute, requires that the citizen-plaintiff "allege a state of either continuous or intermittent violation." *Gwaltney of Smithfield v. Chesapeake Bay Foundation,* 108 S.Ct. at 381. The Court cited to the legislative history of the citizen suit provision in the Clean Water Act, the

provision's use of the present tense, and the provision's sixty-day notice requirement designed to allow either violators to cure and avoid suit or the EPA to investigate and commence enforcement proceedings as evidence that Congress did not intend the citizen suit provision to be used to address past violations. *Id.* at 381–84.

■ The citizen suit provision of the Clean Air Act contains the same "alleged to be in violation" language as the Clean Water Act. Thus, viewed with the hindsight provided by the Court's decision in *Gwaltney*, which was decided on December 1, 1987, the Original Complaint is defective and subject to dismissal for failure to allege ongoing or intermittent violations of the Act.

■ Con Edison also contends that the Original Complaint should be dismissed because plaintiffs failed to provide Con Edison with sixty days' prior written notice of its alleged violations of the Act. Although the Original Complaint specifies that notice of the violations was given to the EPA and the State of New York in early September 1987, there is no indication that notice was given to Con Edison.

Section 304(b) of the Act, 42 U.S.C. § 7604(b) (1983), provides that no action may be commenced under the citizen suit provision

(A) prior to 60 days after the plaintiff has given notice of the violation (i) to the [EPA], (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the [Act], or

(B) if the [EPA] or the State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the [Act], but in any such action in a court of the United States any person may intervene as a matter of right.

... Notice under this subsection shall be given in such manner as the [EPA] shall proscribe by regulation.

Plaintiffs contend that the statutory obligation to give notice "in such manner as the [EPA] shall prescribe by regulation"

applies only to suits against the EPA. However, the regulations promulgated by the EPA under this section of the Act expressly provide:

§ 54.1 **Purpose.**

Section 304 of the Clean Air Act, as amended, authorizes the commencement of civil actions to enforce the Act or to enforce certain requirements promulgated pursuant to the Act. The purpose of this part is to prescribe procedures governing the giving of notice required by subsection 304(b) of the Act ... as a prerequisite to the commencement of such actions.

§ 54.2 **Service of notice.**

   .     .     .     .     .

(c) Notice to the alleged violator: Service of notice given to an alleged violator under this part shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, or facility alleged to be in violation of an emission standard or limitation, or an order issued with respect to an emission standard or limitation. Where the alleged violator is a corporation, a copy of such notice shall be sent by certified mail to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred.

§ 54.3 **Contents of notice.**

   .     .     .     .     .

(b) *Violation of standard, limitation or order.* Notices to the [EPA], States, and alleged violators regarding violation of an emission standard or limitation or an order issued with respect to an emission standard or limitation, shall include sufficient information to permit the recipient to identify the specific standard, limitation or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice.

Thus, the EPA regulations require written notice to both the EPA and the alleged

violator and prescribe the method of delivery and the contents of such notice.

In *Middlesex City Sewerage Authority v. National Sea Clammers Ass'n.*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), the Supreme Court stated that plaintiffs who invoke the citizen suit provision of the Clean Water Act "must comply with specified procedures—which respondents have ignored—including in most cases 60 days' prior notice to potential defendants." *Middlesex*, 453 U.S. at 14, 101 S.Ct. at 2623. Relying upon "the Supreme Court's strict interpretation of private rights of action in environmental litigation and its express mention of the notice provision" in *Middlesex*, the Court of Appeals for the First Circuit dismissed a claim brought under the citizen suit provision of the Resources Conservation and Recovery Act of 1976, 42 U.S.C. § 6972 (1982), where the plaintiffs had failed to give adequate prior notice to the EPA and the alleged violators. *See Garcia v. Cecos Int'l, Inc.*, 761 F.2d 76, 81–82 (1st Cir.1985); *see also Walls v. Waste Resource Corp.*, 761 F.2d 311, 315–16 (6th Cir.1985) (*Middlesex* requires strict compliance with notice provision).

Prior to the Supreme Court's decision in *Middlesex*, the Court of Appeals for this Circuit had allowed citizen suits to proceed in the face of minor irregularities in a citizen's compliance with a statute's notice provision. *See, e.g., Natural Resources Defense Council, Inc. v. Callaway*, 524 F.2d 79 (2d Cir.1975); *Conservation Soc'y of Southern Vermont, Inc. v. Secretary of Transportation*, 508 F.2d 927 (2d Cir.1974), *vacated on other grounds*, 423 U.S. 809, 96 S.Ct. 19, 46 L.Ed.2d 29 (1975); *Friends of the Earth v. Carey*, 535 F.2d 165 (2d Cir. 1976), *cert. denied*, 434 U.S. 902, 98 S.Ct. 296, 54 L.Ed.2d 298 (1977). Although these decisions may require reexamination in light of *Middlesex*, they can be distinguished from the instant case.

In *Natural Resources Defense Council v. Callaway*, plaintiffs had given the statutory notice but had sued prior to the expiration of sixty days. However, since the EPA had informed plaintiffs that it would not take action, the court allowed the suit

to proceed. *Natural Resources Defense Council*, 524 F.2d at 83–84 & n. 4. In *Conservation Society v. Secretary of Transportation*, the court held that the Water Pollution Act's "saving clause" could sustain jurisdiction notwithstanding plaintiff's failure to comply with the citizen suit provision. *Conservation Society*, 508 F.2d at 938–39 & n. 62. In *Middlesex*, however, the Supreme Court held that a savings clause does not allow citizens to sue without first satisfying the notice requirement. *Middlesex*, 453 U.S. at 14, 101 S.Ct. at 2623. Finally, in *Friends of the Earth*, plaintiff gave sixty days' written notice to the EPA, the Governor of New York, the New York Department of Environmental Conservation and fifteen other state agencies, including the Metropolitan Transportation Authority ("MTA") but not the Transit Authority ("TA"). The court allowed plaintiff to sue the MTA's sister agency, the TA, even though as an alleged violator the TA was entitled to notice. The court reasoned that notice to each state agency was not necessary because agencies are delegates of the State and written notice had been given to the "primary State officials." *Friends of the Earth*, 535 F.2d at 175.

Here there is no dispute that plaintiffs failed to give Con Edison sixty days' prior written notice as required by 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.1–54.3. Under the Supreme Court's decision in *Middlesex*, therefore, the Original Complaint is premature and subject to dismissal for failure to comply with the Act's notice provisions.

*The Amended Complaint*

■ Plaintiffs correctly contend that under Fed.R.Civ.P. 15(a), a court should freely grant leave to amend a pleading "when justice so requires." Plaintiffs argue that, by alleging intermittent violations of the Act on the part of Con Edison, the proposed Amended Complaint cures the jurisdictional defect exposed by *Gwaltney*. Since Rule 15(c) provides that an amended pleading can, under some circumstances, "relate back to the date of the original pleading," plaintiffs argue that the pro-

**1206**

posed Amended Complaint must be deemed filed as of November 9, 1987 and, therefore, prior in time to the EPA suit. Finally, plaintiffs allege in the Amended Complaint that notice, albeit oral, of the violations was given to Con Edison in September 1987.

Granting plaintiffs leave to file their Amended Complaint at this time would be a futile act. As Con Edison correctly points out, Fed.R.Civ.P. 15(c) only permits an amended pleading to relate back to the date of a prior pleading when the amended pleading arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." If this court were to accept the Amended Complaint as sufficient under *Gwaltney,* the basis for that decision would necessarily be the Amended Complaint's new allegations of conduct not referred to in the original pleading. *See Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Marine Midland Bank v. Keplinger & Assocs. Inc.,* 94 F.R.D. 101, 104 (S.D.N.Y. 1982).

In addition, the Original Complaint is subject to dismissal on the grounds that plaintiffs failed to give proper prior notice to Con Edison. To permit the Amended Complaint to relate back to the date of the original filing would violate the purpose of the Act's sixty day notice provision, which is to allow violators to cure and to give the EPA an opportunity to take enforcement action. In *Gwaltney,* the Supreme Court discussed the rationale behind the sixty day notice provision in the Clean Water Act:

> If the [EPA] or the State commences enforcement action within that 60 day period, the citizen suit is barred, presumably because governmental action has rendered it unnecessary. ... It follows logically that the purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.

*Gwaltney,* 108 S.Ct. at 382-83. Therefore, were leave granted to replead, the Amended Complaint would be deemed filed as of the date of filing and thus would be barred by the EPA suit. *See* 42 U.S.C. § 7604(b)(1)(B) (1983).

Contrary to plaintiffs' contentions, the EPA suit is not confined to violations at the 74th Street Plant for work done on the No. 122 Boiler in August 1987. The government's complaint expressly covers violations at the 74th Street Plant "in or about August 1987 and continuing" and is not restricted to any particular incident. The EPA suit, in which plaintiffs are free to intervene, *see* 42 U.S.C. § 7604(b)(1)(B) (1983), thus encompasses all of plaintiffs' allegations of Act violations by Con Edison. Therefore, it is not necessary to decide whether plaintiffs' insertion of a claim that Con Edison has committed an "intermittent pattern of violations" of the Act is sufficient under *Gwaltney* in order to deny plaintiffs leave to file the Amended Complaint.

The dismissal of plaintiffs' Clean Air Act claim removes any basis of the exercise of pendent jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Nolan v. Meyer,* 520 F.2d 1276, 1280 (2d Cir.), *cert. denied,* 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (1975). Therefore, upon the findings and conclusions set forth above, the Original Complaint is dismissed and leave to file the proposed Amended Complaint is denied.

IT IS SO ORDERED.