**Harold E. MALLOY, Appellant,**

v.

**SAFEWAY STORES, INC. and Robert Sorrells, Appellees.**

**No. 9770.**

District of Columbia Court of Appeals.

Argued March 16, 1976.

Decided July 16, 1976.

Ronald C. Jessamy, Washington, D.C., with whom James L. Hudson, Washington, D.C., was on the brief, for appellant.

Frank M. Northam, Washington, D.C., for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal arises upon the dismissal of appellant's complaint for assault, battery and false imprisonment filed against Safeway Stores, Inc., a grocery chain, and a Safeway employee, Robert Sorrells. We affirm.

The incident giving rise to the complaint occurred on the premises of a Safeway grocery on November 10, 1973. The complaint was filed April 15, 1974. Appellant's attorney delivered the appropriate papers to a special process server,[1] Charles Utley. Utley filed two affidavits on April 22, 1974. In the first he stated that he had served appellee Sorrells on April 17, 1974, at the Safeway store where the alleged tort was committed. In the second Utley stated that he had served the corporate appellee by service upon C. T. Corporation, Safe-

---

1. *See* Super.Ct.Civ.R. 4(c).

way's statutory agent for process. Utley filed amended affidavits on May 24, 1974. He added his age to the affidavit of service on Sorrells. To the Safeway affidavit he added his age, the name of a "Mr. Bricker" as the person receiving service at C. T. Corporation, and a change of the time of service from 2 p.m. to 10:40 a.m.

Service as to Safeway was declared ineffective by the trial court sua sponte on June 13, 1974, for the failure of Utley's amended affidavit to show that the person receiving service was authorized to do so. No other action was taken in the case until February 3, 1975, when the clerk of the court entered a default judgment against Sorrells.

Three days later, and nearly 15 months after the cause of action accrued, appellant secured service against Safeway by certified mail. Accordingly, Safeway filed a motion to dismiss asking relief on · the ground that appellant's claim was barred by the one-year statute of limitations applicable to actions grounded upon an intentional tort.[2] Safeway alternatively asked for relief pursuant to Super.Ct.Civ.R. 41(b) for a failure to prosecute.

Sorrells followed, on March 7, 1975, with a motion to set aside the entry of the default against him, quash service of process, and dismiss the complaint. Sorrells alleged that he had no knowledge of the suit prior to the week of February 24, 1975, such notice flowing from the late service on his employer, and asked that the cause be dismissed against him for appellant's failure to move promptly for default.

The motions were heard on April 8, 1975. Appellant's only witness was Charles Utley. Utley testified that he had served a man he believed to be Robert Sorrells on the date specified in his affidavits but said that he was not certain that appellee Sorrells, who was in the courtroom during the hearing, was the man who had received the papers. Utley also testified that he had delivered a summons and complaint to the C. T. Corporation on April 17, 1975, and had served a young woman there who identified herself as "Miss Bricker", although he had mistakenly recorded her name in his amended affidavit as "Mr. Bricker". He was unable to identify June C. Bricker, an employee of C. T. Corporation who had testified earlier, as the woman he had served.

Appellee Sorrells testified that he had never received the summons. He further testified that he had reviewed his employment time card prior to the hearing and had discovered that he was not at work at the time of the alleged service claimed in Utley's affidavits. June Bricker testified that she had never received service of process from anyone, for anyone, while employed by C. T. Corporation.

On April 17, 1975, the court entered an order vacating the default against Sorrells and dismissing appellant's complaint against both Sorrells and Safeway. The court found in support of its order that appellant's failure to effect service within 8 months, after his initial attempt to serve Safeway was ruled ineffective, constituted a failure of prosecution warranting dismissal. The court found, similarly, that appellant's failure to move for a default judgment for nearly 10 months after service was allegedly effected on Sorrells also constituted a failure to prosecute warranting dismissal. The court noted in its opinion that there was substantial question as to whether either defendant had been served by Utley and added that it considered the testimony of Sorrells and Mrs. Bricker highly credible as to the lack of service. The court concluded that appellant had failed to fulfill his responsibility to promptly effect service on both defendants and once service was effected, to move diligently for default. This appeal followed.

Appellant urges reversal because of the appellees' failure to allege or prove

2. D.C.Code 1973, § 12–301(4).

specifically that they had been prejudiced by the delay in prosecution. It is well settled that a plaintiff must prosecute his action with due diligence and that the lack of such diligence warrants dismissal of his action. *Shakesnider v. Rosenfeld,* D.C.Mun. App., 144 A.2d 106 (1958); *Steele v. General Baking Co.,* D.C.Mun.App., 101 A.2d 845 (1954).

In *Garces v. Bradley,* D.C.App., 299 A.2d 142 (1973), relied on by appellant, the issue was whether the trial court abused its discretion in dismissing a case after plaintiff moved to calendar the case for trial more than 3 years after defendant filed his answer. We reversed and remanded for further proceedings since, in the absence of either a transcript or appropriate findings, we were "unable to conclude how, if at all, the trial court exercised its discretion."

The instant case is unlike one where it was clear the defendant had knowledge of the pendency of a suit against him and had appeared and answered. Here the court in its order found that the failure to effect service on Safeway for almost 8 months after the original attempt was ruled invalid constituted a failure to prosecute warranting a dismissal of the case. It also found that appellant failed for more than 10 months to move for a default judgment against defendant Sorrells after service allegedly was effected and that such failure warranted dismissal. Of particular importance, the court made no finding that either defendant had been served. Instead it found "the testimony of defendant Sorrells and [the] agent of C. T. Corporation to be highly credible as to lack of service."

 The question of lack of diligence is one of fact for the trial court. The grant or denial of a motion to dismiss on such grounds rests in the trial court's sound discretion and its ruling will only be disturbed in an extreme case. *Akinyode v. Hawkins,* D.C.App., 292 A.2d 795, 797 (1972); *Berch v. Rosner,* D.C.Mun.App., 136 A.2d 260, 261 (1957). *See also Heinrich v. Huke,* D.C.App., 244 A.2d 915 (1968). A prompt motion for default followed by an attempted execution of the judgment could have provided an opportunity for an early resolution of the adequacy of service as to Sorrells and remove the possibility that the latter would be forced to respond at a distant date to a claim of which he may not have had notice within the prescribed statutory period. Appellant has failed to establish any reasonable justification for the delay and we find no facts to identify this as an "extreme case" where a reversal of the trial court's dismissal might be warranted.

The order herein appealed is accordingly

*Affirmed.*