**Edward BULIN, Appellant,**

v.

**Klaus STEIN, Appellee.**

**No. 94–CV–682.**

District of Columbia Court of Appeals.

Submitted May 17, 1995.

Decided Dec. 7, 1995.

Michael M. Ain, with whom Bart Colombo was on the brief for appellant.

Tina L. Snee, for appellee.

Before WAGNER, Chief Judge, TERRY and RUIZ, Associate Judges.

---

RUIZ, Associate Judge:

Appellant, Edward Bulin, had the misfortune to be injured in an auto accident in the District of Columbia involving appellee Klaus Stein, a German national. By the time Bulin filed this action, Stein had removed himself from the country. Both Stein and his insurer went out of their way to frustrate Bulin's attempts to serve process. Stein eventually moved to dismiss Bulin's complaint on the ground that Bulin had not been diligent in perfecting service of process. The trial court granted Stein's motion to dismiss and Bulin appealed. We reverse because the trial court abused its discretion in finding that Bulin has not shown good cause for his failure to serve process within the time he had been allowed.

## I.

Bulin claims that on August 23, 1989, while he was driving in traffic, a car driven by Stein struck his car at the intersection of Sixteenth and Q Streets, Northwest. Three days shy of three years later, Bulin commenced this action by filing a complaint in the Superior Court.

In September 1992, twenty-five days after Bulin had filed his complaint, Stein appeared through counsel and filed a paper styled "Motion to Dismiss," alleging that Bulin had attempted to serve process on him by certified mail directed to an address at which he did not reside. According to Bulin's response to the motion, Stein's counsel repre-sented that he would withdraw the motion. Bulin also contended that the certified mail service on Stein was valid.

In October, Stein again appeared through counsel and filed a motion to quash service of the summons and complaint. The motion alleged that Bulin had attempted to serve him by certified mail at an address in Virginia; that Gloria Mulroy, who signed the receipt for the process, was not authorized to receive process on his behalf; and that Stein did not at that time reside at that address. Neither Stein's September motion nor his October motion disclosed his true address, in violation of Rule 10–I(b) of the Superior Court Civil Rules, which requires that the full residence address of a party be placed in the caption of the first pleading filed by or on behalf of that party.[1]

Bulin opposed the motion to quash service of the summons, arguing that Virginia motor vehicle records indicated that Stein's address was the same as the one to which the certified mail was directed, and that Mulroy was "designated as Defendant's agent for all matters occurring in the United States as Defendant has since moved to Germany." The trial court denied the motion to quash, without prejudice to its being renewed after discovery regarding Mulroy's authority.

Bulin deposed Mulroy, discovering that Stein's insurer, Allstate Insurance Company, had notified her to expect service of process and directed her to forward those documents to it.[2] The parties filed supplemental memoranda after the deposition. Bulin argued

---

1. We consider that Stein's motions fall within the scope of Rule 10–I(b), which refers to "pleadings." First, Rule 7(b)(2) provides that the rules governing the form of pleadings, including captioning, apply to motions as well. Second, the apparent purpose of Rule 10–I(b) is to provide the court and other parties with information enabling them to contact the litigant. That purpose is no less important when the litigant's first filing is a motion pursuant to Rule 12 instead of an answer. Finally, Rule 12(b) motions and Rule 7(a) pleadings perform similar functions. The function of Rule 7(a) pleadings is to provide fair notice of the matters in issue. *See* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202, at 68–69 (2d ed. 1990) (discussing Fed.R.Civ.Proc. 8). Similarly, a motion pursuant to Rule 12(b) provides notice that the defendant is asserting certain defenses. *See* Super.Ct.Civ.R. 12(h)(1) (providing that certain de-

fenses are waived unless asserted in the party's first Rule 12 motion or pleading, or amendment thereof permitted as a matter of course). The fact that a Rule 12 motion, unlike a pleading, *also* requests that the court act upon the defenses asserted is of no moment. A defendant asserting the defense of insufficiency of service of process by motion should not be able to withhold his address while a defendant asserting the same defense in his answer is required to disclose it.

We also note that because Stein's motions did not comply with Rule 10–I(b), the clerk of the Superior Court should have rejected them. Super.Ct.Civ.R. 10–I(c).

2. Although Bulin does not so note, Mulroy's deposition testimony also revealed that Stein's insurance company directed Mulroy not to disclose Stein's address in Germany to Bulin's counsel.

that Mulroy and Allstate were agents for service of process on Stein. He also argued that Stein was "estopped" from denying proper service of process because Allstate instructed Mulroy to forward the process to it. Stein denied that he had appointed any agent for service of process.

In March 1993, the trial court granted the motion to quash service, "reluctantly reach[ing] the conclusion that the motion . . . must be granted" because Stein had merely asked Mulroy to forward his mail, and that was insufficient to authorize her to be his agent for receipt of process. The court also rejected Bulin's argument that Allstate was authorized to receive process on Stein's behalf. The court did not address Bulin's estoppel argument. The court did, however, allow Bulin until June 1, 1993, to effect service on Stein.

A few days before the deadline set by the court, Bulin moved to extend the time for service of process by an additional sixty days. Bulin stated that he had been unable to learn of Stein's address in Germany. He detailed his efforts, which included contacting the American Consulate in Germany, requesting information from Stein's previous employer, the Department of Defense, and requesting assistance from an attorney in Hamburg. Bulin stated that he believed that Stein, who is an attorney, was attempting to avoid service of process by using his wife's address and not leaving any forwarding address.[3] Bulin said that he intended to serve Stein through the Mayor of the District of Columbia, pursuant to the Motor Vehicle Safety Responsibility Act, D.C.Code §§ 40–401 to – 485 (1990 & Supp.1995), which provides for substituted service of process on nonresidents who are involved in automobile accidents in the District. D.C.Code § 40–407. Simultaneously, Bulin filed a motion to have the amount of security set, as required by

the Act. The court granted the motion to extend time for sixty days from that date and set security for substituted service in the amount of $250 cash or $500 bond.[4]

In August 1993, the trial court, *sua sponte*, dismissed Bulin's complaint, without prejudice, for want of service of process. Pursuant to Superior Court Civil Rule 41(b), Bulin moved to have his complaint reinstated. He attached documents showing that he had taken steps to attempt to perfect service pursuant to D.C.Code § 40–407, but that mail sent to Stein in Germany had been returned undelivered.[5] Bulin also moved to extend the time for service of process for an additional ninety days. In support of the motion, Bulin's counsel represented that he had placed several calls to Germany in an effort to locate Stein and had retained a locator service in Minneapolis, Minnesota to conduct a search that he had been told could take at least six weeks. The court granted Bulin's motion to reinstate and granted him an extension of ninety days from September 2, 1993 to effect service.

On December 16, 1993, Bulin filed his fourth and final motion to extend time for service of process. In support of the motion, Bulin's counsel represented that he had retained a process server in Germany to effect personal service on Stein, and was awaiting word of its success. Two days later, the trial court granted the motion, extending the time to serve process another ninety days. It appears from an affidavit of the process server in the record that the server in fact personally delivered the summons and complaint to Stein in Berlin on December 16.

After the court had granted Bulin's motion, Stein filed an opposition to it. He predicated his opposition on the fact that the previous extension of time had expired on December 2, 1993 and as of that date Bulin had neither effected service of process nor

3. It appears from the record that Stein and his wife maintained separate residences in Germany.

4. After the court had granted Bulin's motions, Stein filed an opposition, arguing that there was no evidence that he was attempting to evade service of process and that D.C.Code § 40–407 is unconstitutional. The opposition paper filed on Stein's behalf once again did not disclose Stein's address. The court rejected Stein's constitution-

al argument as unsupported by any authority whatsoever and reaffirmed its prior orders.

5. The Motor Vehicle Safety Responsibility Act requires the plaintiff to send a copy of the process to the defendant by registered mail and to file the defendant's return receipt with the court. D.C.Code § 40–407(a).

shown cause why he was unable to do so despite diligent efforts. On January 11, 1994, Stein filed a "Motion for Reconsideration and to Dismiss," complaining that he had not been afforded an opportunity to oppose Bulin's motion for additional time and that Bulin's motion was untimely. Ten days later, Stein filed yet another paper, this time styled, "Motion for Reconsideration to Dismiss, and to Quash Service." In it, he repeated his earlier contentions, and further alleged that the service attempted on December 16 was void because it came after the December 2 deadline and also violated the Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Nov. 15, 1965), 20 U.S.T. 361, *reprinted in* 28 U.S.C.A. Rule 4 note [hereinafter Hague Service Convention]. Bulin opposed Stein's motion for reconsideration, arguing that the service in Germany was proper and that Bulin had been diligent.

In March 1994, the court granted Stein's motion for reconsideration and dismissed Bulin's action. Bulin then filed a timely motion to vacate the order, arguing that Stein's motion for reconsideration was untimely and that Bulin had perfected service on Stein prior to the motion being made. Stein opposed Bulin's motion, arguing that he had been "prejudiced by the time, energy and expense involved in the litigation of this matter due to plaintiff's failure properly to effect service on the defendant during the sixteen month period covering August 1992 until the expiration of the Court's September 2, 1993 Order." The trial court reaffirmed its March order of dismissal, finding that service had never been perfected and that Bulin "failed to exercise due diligence in seeking an extension of time to perfect service prior to the expiration of the 90 day period this Court accorded.... This Court granted plaintiff

some sixteen (16) months in which to effect service on the defendant. This, he failed to do." Bulin appeals.

## II.

■ The trial court appears to have based its decision to dismiss the complaint on two grounds: First, the court held that Bulin's efforts to serve process were ineffective; second, the court found that Bulin had not been diligent in that he had not perfected service of process and had not moved for a further extension of time prior to the expiration of the final extension. We affirm the trial court's ruling that Bulin has not perfected service of process on Stein. We reverse, however, the trial court's dismissal of the complaint. Where there have been unsuccessful attempts to effect service of process, dismissal is appropriate only if it is clear that the plaintiff cannot obtain effective service. Furthermore, we cannot uphold the trial court's dismissal for failure to prosecute diligently. The record shows that Stein had timely actual notice of the complaint and that Bulin's repeated efforts to serve process were largely frustrated by the actions of Stein and Allstate. Therefore, we remand for further proceedings.

## A.

■ Contrary to Bulin's contentions in the trial court and before this court, he has not proven that he perfected service of process on Stein. The first attempt by mailing to Stein's former address was ineffective because there was no evidence that Stein had appointed Mulroy or Allstate as his agent for service of process.[6] *See Leichtman v. Koons,* 527 A.2d 745, 747 n. 4 (D.C.1987) ("An agent must have actual authority [to receive service of process]; an office employee with

6. We disagree with Stein's contention that we have no jurisdiction to review the trial court's first order quashing service because Bulin did not specifically list that order in his notice of appeal. *See* D.C.App.R. 3(a). It is true that designation of only a part of a judgment or the failure to designate for appeal an earlier order that disposes of one or more but fewer than all *claims* may result in the notice of appeal being ineffective as to the undesignated portions of the disposition. *See Brookens v. White,* 254 U.S.App.

D.C. 133, 135, 795 F.2d 178, 180 (1986). In the present case, however, the order quashing service of process did not dispose of any claims. Therefore, the earlier order is properly before us pursuant to the general rule that appeal from a final judgment calls into question all of the interlocutory rulings leading up to it. *See, e.g.,* CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949, at 469 & n. 2.2a (Supp.1995) (stating rule and citing cases).

authority to receive business communications and mail does not, by virtue of his or her position, have authority to receive process under the Superior Court Rules."). Moreover, the fact that Stein received actual notice of the action is immaterial to the sufficiency of service of process. *McLaughlin v. Fidelity Sec. Life Ins.*, 667 A.2d 105, 106 (D.C.1995) (per curiam). Thus, proof of Mulroy's and Allstate's receipt of the complaint does not, without more, constitute proof of service of process on Stein.[7]

■ Bulin's second attempt to serve process on Stein in Germany pursuant to the District of Columbia Motor Vehicle Responsibility Act was also ineffective, but for a different reason. Stein argues that the service on him in Germany was ineffective because it was not in accordance with the Hague Service Convention, in that it was effected by a private process server, rather than the requisite "central authority," and the documents had not been translated into German. Bulin apparently concedes that the service was not in accordance with the terms of the Convention.[8] He argues instead that the Convention, by its terms, does not apply when the address of the person to be served is not known. Hague Service Convention, *supra*, art. 1, para. 2, 20 U.S.T. 361. Bulin's argument is not well taken. Bulin knew Stein's address because Bulin's private process server was able, eventually, to deliver the relevant documents to Stein at his address in Berlin. Hence, the exclusion does not apply.

7. We note, however, that when service is effected by mailing under the District of Columbia Uniform Interstate and International Procedure Act, D.C.Code §§ 13–401 to –434 (1989), proof by signed receipt by the defendant is not required if there is "other evidence of personal delivery to the addressee satisfactory to the court." D.C.Code § 13–431(b). Bulin has not argued that alternative, nor is there any evidence in the record that the process sent to Stein's Virginia address was ever personally delivered to him.

8. We note that the United States Supreme Court has said that the Convention preempts inconsistent *state* law, by virtue of the Supremacy Clause. *Volkswagenwerk A.G. v. Schlunk*, 486 U.S. 694, 699, 108 S.Ct. 2104, 2107, 100 L.Ed.2d 722 (1988). Bulin has not argued that the applicability of the Convention is any different in the District of Columbia than in a state. *Cf. Umben-*

That service on Stein was properly quashed does not lead ineluctably to the conclusion that Bulin's complaint should be dismissed. "[D]ismissal is not appropriate when there exists a reasonable prospect that service can be obtained." *Novak v. World Bank*, 227 U.S.App.D.C. 83, 88, 703 F.2d 1305, 1310 (1983); *accord, e.g., Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir.1972); *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir.1959); *Maichok v. Bertha–Consumers Co.*, 25 F.2d 257, 258 (6th Cir.1928). In the present case, because Bulin learned Stein's address, Bulin could have effected proper service if given additional time to do so. Hence, the trial court's dismissal of Bulin's complaint cannot be sustained on the ground that Bulin's earlier attempts at service were not effective.

**B.**

The trial court did not state what rule it was acting under when it ordered dismissal of Bulin's complaint. We have said that questions as to the plaintiff's lack of diligence in obtaining service of process are to be addressed by means of a motion filed pursuant to Rule 41(b) of the Superior Court Civil Rules. *Varela v. Hi–Lo Powered Stirrups, Inc.*, 424 A.2d 61, 70 (D.C.1980) (en banc); *see also Akinyode v. Hawkins*, 292 A.2d 795, 796–97 (D.C.1972) ("Lack of diligence in perfecting service has long been ground for dismissal of a complaint by the trial court in the exercise of its discretion."). Our decision in *Varela* predates adoption of Superior Court Civil Rule 4(j),[9] effective January 1,

*hauer v. Woog*, 969 F.2d 25, 32–33 (3d Cir.1992) (holding that district court clerk should have complied with party's request to mail process to Switzerland pursuant to Rule 4(i)(1)(D) of the Federal Rules of Civil Procedure, notwithstanding State Department's direction to the contrary, which was predicated upon Switzerland's formal objection to the mailing of such process). Thus, we do not address the issue.

9. Rule 4(j) provides in pertinent part:

[W]ithin 60 days of the filing of the complaint, the plaintiff must file proof of service of the summons, the complaint and any order directed by the Court to the parties at the time of filing. The proof shall be filed as to each defendant who has not responded to the complaint. Prior to the expiration of the foregoing time period, a motion may be made to extend

1991. *See* Order, 118 Daily Wash.L.Rptr. 2353 (D.C.Super.Ct. Sept. 26, 1990) (adopting Super.Ct.Civ.R. 4(j)). Rule 4(j) requires a plaintiff to file proof of service within sixty days of filing the complaint, unless the court extends the time, or face dismissal of the complaint.

We recently held that Rule 4(j) is mandatory and not discretionary. *Cameron v. Washington Metro. Area Trans. Auth.*, 649 A.2d 291, 293 (D.C.1994). Nevertheless, the civil rules generally provide two means for a plaintiff to avoid dismissal for failure to meet its strict requirement. First, "[p]rior to the expiration of the ... time [for service], a motion may be made to extend the time for service." Super.Ct.Civ.R. 4(j). If the plaintiff makes such a motion, "[t]he Court *shall* extend the period for service for such time as may be warranted by circumstances set forth in [the plaintiff's] motion." *Id.* (emphasis added). Second, even if the plaintiff fails to secure an extension of time and the court enters a dismissal, Rule 41(b) provides that the dismissal is to be vacated upon a motion showing "good cause" filed within fourteen days of the date that the dismissal is docketed.[10]

In the present case, Bulin could not avail himself of the first option for avoiding a Rule 4(j) dismissal by extending the sixty day period, because his December 16, 1993 motion for a further extension of time was untimely as it came after the expiration of the extension previously granted him. *See* Super.Ct.Civ.R. 4(j). Had Bulin's motion been timely, he would have been entitled to an extension "for such time as may be warranted by circumstances set forth in [his] motion." *Id.* Because his motion was untimely, however, he had also to show that his failure to request an extension earlier was caused by "excusable neglect." *See* Super.Ct.Civ.R.

6(b) (permitting trial court to extend time for doing an act after the specified time has expired only upon a showing of "excusable neglect"). Bulin did not attempt to make such a showing.

On the other hand, because the clerk had not entered a Rule 4(j) dismissal either when Bulin initially requested an extension of time or when the trial court granted Stein's motion for reconsideration and dismissed the action, Bulin is not in the procedural posture where he would need to satisfy the "good cause" requirement of Rule 41(b) to preserve his complaint. In other words, Bulin's situation falls somewhere between a request for a Rule 4(j) extension as "warranted by [the] circumstances" and a Rule 41(b) motion to vacate a dismissal for "good cause."

We need not decide whether Bulin was entitled to the apparently more lenient standard for extension of time provided in Rule 4(j) as "warranted by circumstances" because even if the clerk had entered a Rule 4(j) dismissal in the present case, Rule 41(b) would entitle Bulin, within fourteen days of the dismissal, to move to vacate the dismissal upon a showing of good cause for his failure to file proof of service. In *Cameron*, we held that the principal factor to be considered in the good-cause inquiry is the reason for the plaintiff's failure to comply with the rule. 649 A.2d at 293–94 (citing federal decisions). We also take into account prejudice to the plaintiff and lack of prejudice to the defendant. *Id.* The trial court's determination regarding good cause is reviewed for abuse of discretion. *Id.* at 294.

■ We believe that, on the present record, the trial court abused its discretion in dismissing the case and denying Bulin's motion to vacate the dismissal. Bulin demon-

the time for service. The motion must set forth in detail the efforts which have been made, and will be made in the future, to obtain service. The Court shall extend the period for service for such time as may be warranted by circumstances set forth in the motion. Failure to comply with the requirements of this Rule shall result in the dismissal without prejudice of the complaint. The Clerk shall enter the dismissal and shall serve notice thereof on all the parties entitled thereto.

10. Rule 41(b) provides, in pertinent part:

Any order of dismissal entered sua sponte, including a dismissal for failure to effect service within the time prescribed in Rule 4(j), shall not take effect until fourteen (14) days after the date on which it is docketed and shall be vacated upon the granting of a motion filed by plaintiff within such 14 day period showing good cause why the case should not be dismissed.

strated good cause. Bulin explained that he had been unable to serve Stein because he could not locate him. In fact, Bulin asserted, and his assertion is supported by the record, that Stein had taken affirmative measures to avoid being served. Stein had his mail forwarded to his wife's address rather than his own, the person forwarding Stein's mail had been instructed not to disclose his address to Bulin, and Stein did not place his address in the caption of his first pleading, as required by Rule 10–I(b) of the Superior Court Civil Rules. Moreover, Bulin described substantial efforts aimed at learning where Stein could be served. He had contacted Stein's former employer, the United States Consulate in Germany, and a German attorney. He finally retained a tracing service which apparently did discover where Stein could be served. The trial court did not explain why it discounted those facts.

The trial court also did not address the prejudice to Bulin of a dismissal and the lack of unfair prejudice to Stein from the delay. Because the statute of limitations had run at the time of the dismissal, Bulin likely would lose his cause of action, notwithstanding that the dismissal was nominally without prejudice. Stein, on the other hand, had had actual notice of the action since shortly after it was commenced.[11] It was largely Stein's actions in evading service of process that occasioned the delay in moving the case along.[12] Any prejudice that may accrue to Stein is properly charged to him.

In defending the dismissal, Stein relies principally on our decision in *Malloy v. Safeway Stores, Inc.*, 360 A.2d 48 (D.C.1976), which addressed a dismissal for want of prosecution pursuant to Rule 41(b). In *Malloy*, we upheld dismissal as to both a corporate defendant, Safeway, and an individual defendant, Sorrells. The plaintiff filed a proof of service on Safeway showing that the process had been left with a secretary in the office of Safeway's agent. The trial court, *sua sponte*, quashed that attempted service. The plaintiff then waited eight months before effecting service on Safeway by certified mail. The plaintiff also filed proof of personal service on Sorrells, but waited ten months to obtain a default judgment against him. After the default judgment was entered, Sorrells moved to vacate the judgment and quash service, alleging that he had never been served. The trial court credited the testimony of the defendants' witnesses to the effect that there had never been service on them. It found that the plaintiff's delays of eight and ten months constituted lack of diligence in prosecuting the action. We affirmed, observing:

> A prompt motion for default followed by an attempted execution of the judgment could have provided an opportunity for an early resolution of the adequacy of service as to Sorrells and remove[d] the possibility that the latter would be forced to respond at a distant date to a claim of which he may not have had notice within the prescribed statutory period.[13] Appellant failed to establish any reasonable justification for the delay and we find no facts to identify this as an "extreme case" where a reversal of the trial court's dismissal might be warranted.

*Id.* at 50.

The present case is entirely different. Bulin has made repeated attempts at service, but has been frustrated by Stein's efforts to evade service. In *Malloy*, there was no evidence that the defendants had done anything to avoid service, or even that their location

---

11. In connection with his first motion to quash service of the complaint, Stein executed an affidavit before the United States Consul in Hamburg, Germany on October 6, 1992—just 47 days after Bulin filed the complaint. Moreover, we think it unlikely that a member of the bar of this court would purport to represent a party without having been retained by that party or speaking to that party about the litigation pending against him.

12. We note in this connection that the trial court overstated the length of the delay in pursuing

service. In its order, the trial court found that Bulin had been given sixteen months in which to serve Stein; however, only nine months passed from the time Bulin's first attempt at service was quashed and his second attempt at service was made.

13. We note that *Malloy* was decided before *Varela v. Hi–Lo Powered Stirrups, Inc.*, 424 A.2d 61 (D.C.1980) (en banc), in which this court held that the statute of limitations is tolled upon the filing of a complaint, not the service of process.

was unknown to the plaintiff. Furthermore, unlike *Malloy*, there is incontrovertible evidence that Stein had actual notice of the action against him shortly after it had been commenced. Hence, there is no risk of unfair prejudice.

The combination of Stein's affirmative acts to conceal himself from Bulin, Bulin's persistent efforts to serve Stein, the lack of cognizable prejudice to Stein from the delay, and the likely severe prejudice to Bulin from a dismissal persuade us that the trial court abused its discretion in ordering a dismissal.[14] Rule 4(j) was designed to encourage the speedy resolution of disputes, not to facilitate a defendant's efforts to avoid answering the claims made against him.

*Reversed and remanded.*

14. Our conclusion in this regard is buttressed by the legislative history of Federal Rule of Civil Procedure 4(j) (now Rule 4(m)), from which Superior Court Civil Rule 4(j) is derived. In the section-by-section analysis of the bill containing Rule 4(j), the House sponsors of the legislation explained that if "the failure to effect service is due to that person's evasion of service, a court should not dismiss because the plaintiff has 'good cause' for not completing service." 128 Cong. Rec. H9848 (Dec. 15, 1982) (statement of Rep. Edwards), *reprinted in* 28 U.S.C.A. Rule 4 note.